Estate of Abraham R. Cox, deceased. Appeal of Holstein DeHaven, Guardian of the Estate of Robert T. Potts, a minor.

*Will—Intestacy—Construction of will.*

Testator leaving a wife, a son and a daughter to survive him gave the residue of his estate to a trustee in trust to pay the net income to his wife and two children share and share alike during their lives. He directed that after the death of his daughter, the trustee should set apart for the benefit of his daughter's child a certain fund which was to be paid to the child when he reached the age of twenty-one. He further directed that after the death of the daughter and during the lifetime of the widow one half, and at the death of the widow, the entire income of his residuary estate, less that of the fund set aside for the daughter's child, should be paid to the son for life; but if the son should die in the lifetime of the widow, his share of the income should be paid to his wife and children until the death of the widow, and thereupon the principal of the residue, less the fund set aside for the daughter's child, should be divided between the son's wife and children. The son survived the widow of the testator, and left surviving him a wife and children. *Held*, that although the will did not provide specifically for the contingency of the death of the son after the death of testator's widow, no intestacy occurred as to the residue, since it was the manifest intent of the will that upon the death of testator's widow and son, the principal of the residue was to go to the son's widow and children.

Argued Jan. 26, 1897. Appeal, No. 363, Jan. T., 1896, by Holstein DeHaven, Guardian of Robert T. Potts, from decree of O. C. Phila. Co., Oct. T., 1891, No. 128, sustaining exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that on August 24, 1887, Abraham R. Cox executed his last will and testament, at which time he had living two children; a daughter, Caroline E., intermarried with E. Channing Potts, and a son, Abraham R. Cox. His wife, Caroline E. Cox, was also living, and was, like himself, advanced in years. By his will he left to his wife the use of his residence, furniture, etc., for life, and the sum of $15,000

absolutely. To his son he gave $20,000 absolutely, and to the Fidelity Insurance, Trust and Safe Deposit Company, in trust for his daughter for life, he gave $20,000. With regard to the residue of his estate he provided as follows:

"Eleventh. All the rest, residue and remainder of my estate (not hereinbefore disposed of) I do give, devise and bequeath to the said Fidelity Insurance, Trust and Safe Deposit Company of the said city of Philadelphia in trust however, to safely invest and to keep the same safely invested, and the net income and interest derived therefrom, less taxes and other necessary expenses, to be paid to and equally divided between my said wife, Caroline E. Cox, and my two children Abram R. Cox and Caroline E. Potts, the one equal third part thereof to each, for and during the period of the natural life of each of them. And as my said daughter, Caroline E. Potts, is now very ill and may live but a short time, and having but one child, Robert T. Potts, now, it is further my will, and I do hereby direct, that upon the decease of my said daughter, Caroline E. Potts, leaving her said child Robert T. Potts her surviving, that the said Fidelity Insurance, Trust and Safe Deposit Company, Trustee as aforesaid, do and they are hereby authorized to set apart and take from the said rest, residue and remainder of the trust funds in their possession, the sum of thirty thousand dollars, ($30,000) to invest and to keep the same safely invested, and the net income and interest derived therefrom, less taxes and other necessary expenses, to pay annually, or more frequently, if practicable, to the lawful guardian of the said child of my said daughter, Caroline E. Potts, for his support, maintenance and education until such time as he shall attain the age of twenty-one years, at which time I give, devise and bequeath the said trust fund of thirty thousand dollars to my said grandson, Robert T. Potts, and I authorize and direct my said trustees to pay over the said trust fund to him when he arrives at the said age of twenty-one years. But if my said grandson, Robert T. Potts, shall die before attaining the said age of twenty-one years, and leaving lawful issue him surviving, then I direct that the principal of said trust fund of thirty thousand dollars, together with any accumulated interest and income thereon not paid over, shall be paid to and equally divided among such lawful issue of my said grandson, share and share alike. But in case my said grand-

son shall die before attaining the said age of twenty-one years, and without leaving lawful issue him surviving, but leaving his father, E. Channing Potts, him surviving, then it is my will and I do hereby further direct that the sum of five thousand dollars, ($5,000) part of the principal of the said trust fund shall go to and be paid over to my said son-in-law, E. Channing Potts, and the remainder of the said trust fund of thirty thousand dollars shall revert to and become part of the rest and residue of my estate, and be disposed of as the rest and residue of my estate is disposed of. And upon the decease of my said daughter, Caroline E. Potts, all of the rest, residue and remainder of my estate (after deducting the thirty thousand dollars above mentioned) I direct my said trustees to invest and to keep the same safely invested, and to pay the one equal half part of the net interest and income derived therefrom, less taxes and other necessary expenses, semi-annually or more frequently, if practicable, to my said wife, Caroline E. Cox, for and during the period of her natural life, and to pay the remaining one equal half part of such net interest and income, semi-annually, or more frequently, if practicable, to my said son, Abram R. Cox, for and during the period of his natural life, and upon the decease of my said wife Caroline E. Cox, if my said son, Abram R. Cox, should survive her, then to pay the whole of such net interest and income mentioned in this paragraph to my said son, Abram R. Cox, in semi-annual or more frequent payments as aforesaid, for and during the period of his natural life; but in case my said son should die, leaving my said wife, Caroline E. Cox, him surviving, and also leaving a widow and lawful issue him surviving, then and in such event, and during the period of the natural life of my said wife, Caroline E. Cox, the widow of my said son, Abram R. Cox, is to have and receive the equal one third part of my said son's one half share of said net income and interest, payable in semi-annual or more frequent payments as aforesaid, and the lawful issue of my said son are to have and receive the remaining two thirds of my said son's one half share of said net income and interest as aforesaid, such division of such net interest and income to continue until the decease of my said wife, Caroline E. Cox, and upon her decease, then the widow of my said son, if such widow be then living, is to have and receive the equal one third part of the principal of

such remaining trust fund, and the lawful issue of my said son
are to have and receive the remaining two thirds and residue
of such remaining trust fund; but in case my said son should
die during the lifetime of my said wife, Caroline E. Cox, and
leaving a widow but without leaving lawful issue him surviv-
ing, or if having left lawful issue, such issue shall not be living
at the time of the decease of my said wife, then and in such
event, after the payment of the said one sixth part of the net
interest and income to the widow of my said son during the
lifetime of my said wife, and after the payment of the equal
third part of said principal fund to said widow of my said son,
absolutely, upon the death of my said wife, the rest, residue
and remainder of such trust fund and accumulated interest
thereon shall go to and be distributed among the heirs-at-law
of myself and my said wife, equally, that is to say, the one
equal half part thereof to the heirs-at-law of myself, and the
remaining equal one half part thereof to the heirs-at-law of my
said wife, in accordance with the intestate laws of the said state
of Pennsylvania.

" The provisions hereinbefore made for my said wife, Caroline
E. Cox, are made and intended to be in lieu of her right of
dower or thirds in my estate."

The decedent's daughter, Caroline E. Potts, died before him,
leaving to survive her an only child, the present appellant. Tes-
tator's widow died in 1891 and his son in 1894.

The appellant contends that upon the death of the son after
the widow an intestacy resulted under the terms of the will,
and that he is in consequence entitled, as representing his
mother, to one half of the residuary estate. The auditing judge
sustained the claim.

Exceptions to the adjudication were sustained, ASHMAN, J.,
filing the following opinion:

After an absolute gift of $20,000 to testator's son Abram R.,
and $30,000 to Robert T. Potts, the son of a daughter, at her
death, an event which has happened, the will directed that on
the death of a daughter (who predeceased the testator), one
half, and at the death of testator's wife, the whole income of the
residue should be paid to the son for life; but if he should die
in the wife's lifetime, then his share of income should be paid

to his wife and children until the death of testator's widow, and thereupon the principal of the estate should be divided among them. The son survived the widow, and left at his death a widow and two children. It was argued that the omission to provide specifically for the event which actually occurred, the death of the son after the widow, necessarily created an intestacy in the residue. This narrow notion of what constitutes an intestacy, it must be conceded, will, if adopted, so simplify the interpretation of wills that very much of the learning which has been lavished in the effort to ascertain the testamentary purpose may hereafter be dispensed with. But it cannot be tolerated, for the reason that the principle has always been recognized that no testator contemplates an intestacy, and hence that any reasonable construction will be made whose effect will be to avoid such a miscarriage—a thing which would be impossible if he must be held to have intended nothing which he did not literally express. Here the testator provided for a contingency, which, in the table of chances, was less likely to happen than the contingency about which he was silent. Can it be possible that, in minutely caring for the lesser object, he had no thought for the greater? His primary regard was for his son, and his gift, in the event of his son's death before the widow, showed beyond speculation what his gift would be if the son should outlive the widow. The death of the widow was the period at which the principal of the estate was to be distributed. Up to that time, if he lived, the son was to be paid one half of the income of the estate; after that time, the corpus of the estate, if he should be dead, was to be paid to his widow and children. This gift to the wife and children, on the theory of the son's death before the widow, was the measure of the estate which was intended for them if he should survive her. On the opposite theory of an intestacy, inasmuch as the son had the misfortune to survive his mother, as in the order of nature it was likely he would, both he and his wife and children were cut out of the gift altogether, and this although he was the ultimate object of the testator's bounty. That an absolute gift to a beneficiary who dies after a given event will be implied from a disposition over of his share, if he should die before the event, has been often decided.

Argument is unnecessary, however, because the intention of

this testator is transparent and is fully expressed in his will. His only fault is that the expression is ungrammatical. His meaning is to dispose of the income of his estate during the joint and several lives of his wife and son, and at the death of the survivor to give the corpus to the son's widow and children. By inserting the disjunctive " or " between the two members of the clause this will become clear. The reading, stripped of verbiage, will be: " Upon the decease of my said wife, if my son, Abram R., should survive her, then to pay the whole of such net income to my said son for life ; *or*, in case my son should die, leaving my wife surviving, then, during the life of my said wife, the widow of my son is to receive one third of my son's share of said income, and the issue of my son two thirds ; and upon the decease of my wife, then the widow of my said son is to receive one third of the principal of the trust fund, and the issue two thirds." Grammatically and logically, the gift over refers to both members of the sentence, and is to take effect at the death of the surviving life tenant; that is to say, at the death of the testator's wife, if she shall survive the son, or at the death of the son, if he shall survive the testator's widow. Our power to substitute " or " for " but," which words are in reality almost identical here in meaning is unquestionable : Dodson v. Hay, 3 Bro. C. C. 405 ; Holland's Estate, 6 W. N. C. 469 ; Zerbe v. Zerbe, 84 Pa. 147 ; Vaux's Appeal, 13 W. N. C. 171. In Holland's Estate, supra, the testator bequeathed $600 to A., and, in a later clause, he gave whatever should remain, after payment of his debts, to B. It was contended that the gift of " whatever remained after payment of debts " was grammatically, a gift of the entire estate, and wiped out the legacy. The court, however, added the word " and " after the former gift, and the Supreme Court, on appeal, held that even this was needless, and that although, in terms, the two clauses were repugnant, the meaning of the testator was self-evident. See, further, Miller's Appeal, 113 Pa. 459 ; Schott's Estate, 78 Pa. 40.

It may be stated, by way of parenthesis, as one of the consequences of an intestacy, that the grandson, Robert T. Potts, who is the recipient of a legacy, under the will, of $30,000, and to whom manifestly nothing more was intended to be given, will take a much larger portion than any other distributee.

The exceptions are sustained, and the fund is awarded to the widow and children of the deceased son.

*Errors assigned* were in sustaining exceptions to adjudication.

*Theodore A. Tack* and *Charles E. Morgan, Jr.*, for appellant. —It was not intended that the question of survival of mother or son should be idle, the remainders to vest at her death whether she survived her son or not. This is not so written, and it cannot be presumed without warrant. Such a construction would operate to exclude all of her son's children born after the mother's death. It has been repeatedly ruled that a legatee or devisee is not excluded from taking his share under the intestate laws by reason of a specific gift to him: Carmen's App., 2 Penny. 332; Geisinger's App., 1 Monaghan, 600; Bender v. Dietrick, 7 W. & S. 284. The construction urged in behalf of the appellant involves no injustice. The grandson has the benefit of $30,000. The son received $20,000 in his lifetime and his commissions as executor. The testator did not mean that his grandson should in no event have more than $30,000, because the heirs at law are beneficiaries in a certain contingency, and the grandson is one of them.

The heir at law is not to be disinherited by anything less than a clearly expressed intention to pass the estate to another line of succession: Faulstich's Est., 154 Pa. 189; France's Est., 75 Pa. 220; Cowles v. Cowles, 53 Pa. 175; 1 Jarman on Wills, 465; Baker's App., 115 Pa. 590; Brendlinger v. Brendlinger, 26 Pa. 132; Bradley's Est., 17 Phila. 475; Hitchcock v. Hitchcock, 35 Pa. 393; Rorer's Will, 7 Phila. 524; Rupp v. Eberly, 79 Pa. 144; Hoffner v. Wynkoop, 97 Pa. 130; Howe's App., 126 Pa. 241; De Silver's Est., 142 Pa. 74; Kennedy v. Kennedy, 159 Pa. 327; Smith's App., 23 Pa. 9; Lipman's App., 30 Pa. 180; Horwitz v. Norris, 60 Pa. 261; Grim's App., 89 Pa. 333; Fitzwater's App., 94 Pa. 141; Finney's App. 113 Pa. 11; McDevitt's App., 5 Atl. Rep. 777; Sheets's Est., 52 Pa. 257; Bentley v. Kauffman, 86 Pa. 99; Eichelberger's Estate, 135 Pa. 167; Ritter's Est., 148 Pa. 577; Reynolds's Estate, 175 Pa. 257; Seiber's App., 9 Atl. Rep. 863; Sheaffer's App., 8 Pa. 38; Donahue v. Holme, 5 W. N. C. 539.

*John G. Johnson*, for appellee.—The clear intent of the will is that Robert F. Potts, the appellant, shall not have any portion of the decedent's estate other than the trust legacy of

$30,000, except upon the failure of the issue of decedent's son. The will discloses that the son and his family were the principal objects of the decedent's bounty. The construction of the will adopted by the court below is in accordance with its terms and effectuates its intent.

PER CURIAM, February 8, 1897:

The questions presented by this appeal were carefully considered and rightly decided by the orphans' court in banc. There was no error in sustaining exceptions to the adjudication, or in holding that the testator, Abraham Cox, died testate as to the residue of the estate remaining after deducting the sum of $30,000, set apart for his grandson; and hence the fund in question was rightly awarded to the widow and children of the testator's deceased son Abraham R. Cox.

The will under which the question of intestacy arose was correctly construed by the court below, and, on its opinion, the decree is affirmed and appeal dismissed at appellant's costs.