Estate of Sylvanus F. Brown, deceased. Appeal of Benjamin Avery Brown.

*Wills—Trusts and trustees—Interest—Estoppel.*

Where a will directs that a certain sum shall be invested and the interest paid to a beneficiary, a claim for interest from the death of the testator, made at the audit of the executor's third account, is barred by the confirmation of the first two accounts, and distribution thereunder.

Where a testator directs that an aliquot portion of the residue of his estate shall be invested and the interest paid to a beneficiary, the latter is not bound to await the transfer of the fund to the trustees who are the executors themselves, and their investment of it for his benefit. He is entitled to the interest which has accrued on his portion of the residue while the fund is in the hands of the executors as such.

Argued Feb. 24, 1899. Appeal, No. 69, Jan. Term, 1899, by Benjamin Avery Brown, from decree of O. C. Lackawanna County, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

From the report of W. M. Curry, Esq., auditor, it appeared that testator died on February 12, 1890, leaving a will by which he directed, inter alia, as follows ;

" And when the whole of my residuary estate shall be converted into money as aforesaid, then I will and direct that the same shall be divided into six equal parts or shares and disposed of as follows, to wit: One full equal sixth part or share thereof I give, devise and bequeath unto my said executors hereinafter named and the survivor of them, in trust, that they do and shall put and place the same out at interest on good real estate security and pay over the interest thereof from time to time when and as the same shall be got in and received unto my brother, Benjamin Avery Brown, during all the term of his natural life."

The executors filed two accounts, both of which were confirmed, and distribution made by an auditor thereunder. At both audits Benjamin Avery Brown was present, and was represented by counsel. Benjamin Avery Brown appeared before the auditor appointed to audit the third account and claimed interest on one sixth of the residue from the date of the death of the testator. The auditor disallowed the whole claim.

On exceptions to the auditor's report ARCHBALD, P. J., filed the following opinion :

There can be no question as to the rule that where the interest or income of a fund is bequeathed to one person for life with remainder over of the principal to another, the legatee for life is entitled the same as an annuitant to interest from the death of the testator unless there is something in the will to control it otherwise : 13 Am. & Eng. Ency. of Law (1st ed.), 179, 180, 190, et seq.; Hilyard's Est., 5 W. & S. 30 ; Pennsylvania Co.'s App., 41 Leg. Int. 26 ; Townsend's App., 106 Pa. 268 ; Flickwir's Est., 136 Pa. 374 ; Eichelberger's Est., 170 Pa. 242. And this is as true of interest on the residue of the estate or an aliquot part of it as of the interest on a fund of specific amount: Williamson v. Williamson, 6 Paige, 298 ; Welsh v. Brown, 43 N. J. Law, 37 ; Green v. Green, 30 N. J. Eq. 451 ; Marsh v. Taylor, 43 N. J. Eq. 1 ; Lovering v. Minot, 9 Cushing (Mass.), 151 ; Lawrence v. Security Co., 56 Conn. 423. " Where the corpus of a legacy," says GIBSON, C. J., in Spangler's Estate, 9 W. & S. 135, " is interest on a residue after payment of debts, and not on the residue itself, it is well settled that unless a contrary intent is collectible from the tenor of the

will the legatee is entitled to all that is made from the death of
the testator, for the palpable reason that less would otherwise
be got than was given." Or as is said in Lovering v. Minot,
supra, "the income," means the whole income unless the will
shows that it means something less. The rule is not modified
by the fact that there is a direction to pay the fund to trustees
who are to invest and pay over the income, nor is it so held in
Phillips's Est., 133 Pa. 426, as contended by the learned coun-
sel for the executors. The fund in that instance was to be
turned over to the trustees at the convenience of the executors,
without interest, and as stated by GREEN, J., in Eichelberger's
Est., 170 Pa. 242, the decision was put directly upon the latter
ground; that it was to be at the convenience of the executors
could have no bearing without overturning what was decided
in Pennsylvania Co.'s App., 41 Leg. Int. 26, where that was
practically the provision, and yet interest from the death of the
testator was allowed. Even a direction to invest under the
supervision of the orphans' court was held in Eichelberger's
Est., just cited, to be no ground for postponing the interest; if
it were, the executors, as is there pointed out, would be able to
frustrate the will of the testator by simply delaying their appli-
cation to the court.

But the difficulty which the exceptant encounters is that as
to a large part of the estate he is too late. There have been
three accounts filed, a first partial account, June 6, 1892, a sec-
ond partial account, March 25, 1895, and a third, final account,
May 30, 1898. To the first exceptions were filed and an au-
ditor appointed who passed upon them and distributed to the
parties entitled thereto the funds found by him in the hands of
the executors. To the second account no exception was filed
and it was confirmed finally but no distribution made. The
third account was excepted to and we now have the report of
the auditor passing on the exceptions and distributing the bal-
ance appearing by the last two accounts. The first account
embraced by far the larger part of the decedent's estate, the
total covered by it being $36,837.88, and the balance for dis-
tribution after all allowances, $26,215.35; while the second
account covers a total of but $10,555.46, with a balance for
distribution of $9,498.92, and the third account, $4,315.06, with
a balance of $3,796.60, the last two accounts together being

thus just about one half of the first one. Two thirds of the estate have, therefore, been distributed by the former audit and paid out by the executors without the question which is now pressed upon us being raised. As to that which is so disposed of the exceptant is clearly concluded.

The first account is made up not only of the principal of the estate reduced to money by the executors, by the collection of debts, etc., but of interest and income as well. Of interest alone there is an aggregate of over $1,500, made up of numerous items; of rents, another source of income, there is nearly $160 dollars; and there are two or three items where principal and interest are blended. Here, then, is some $1,600 or $1,700 of income which has gone to swell the general residue of the estate and been distributed as such to the benefit of the exceptant to the extent of his proportionate share therein. By the capitalization of income in this way the result to him in dollars and cents may not be large, he having merely the interest on one sixth of it, but to the executors the overturning of it would be serious; one sixth of the income so capitalized amounts to from $250 to $300, and as to whatever we decide with regard to this exceptant would have to be followed as to Mrs. Nichols, if we should now award to these two parties the amount so due them, some $500 or $600, it would have to come out of the pockets of the executors personally, a thing which we are not prepared to sanction. The exceptant had notice of the former audits and opportunity to make his claim, and he should have done so. As he did not, the adjudication there made must stand. In Lawrence v. Security Co., 56 Conn. 423, a testator bequeathed two thirds of the residue of his estate in trust for the benefit of his daughter for life with remainder over. The executors having exhibited their final account, distribution of the funds reported by them was duly made, and some $40,000 turned over to the trustee. The residue, as so reported by the executors, included $5,000 interest, rents and dividends on investments which had accrued since the death of the testator, and this sum was blended with the principal and distributed with it without distinction as part of the general residuary fund; it was held that the legatee was bound thereby and could not subsequently claim her share of the income included in and disposed of on the distribution. It is true that that was a final account; but

in Moyer's Estate, 119 Pa. 337, 141 Pa. 125, where, under the provisions of the decedent's will, a certain sum was directed to be invested and the interest paid to the beneficiary, a claim for interest from the death of the decedent made upon the settlement of a subsequent account was held barred by the adjudication upon the first one, which rules the question squarely. The case of Townsend's Appeal, 106 Pa. 268, may at first blush seem at variance with this, but there are two things which appear to distinguish it. In the first place, after the confirmation and distribution of the first account, the legatees, by bill of review, endeavored to have the adjudication reopened, and while they were not successful, the court was careful to preserve their rights by dismissing the bill without prejudice. And in the next place the executors were also the residuary legatees, and in compelling them to account for the accrued interest they were merely required to give up so much of the residuary estate in their own hands. This was an equitable adjustment which was not cut off by the first distribution : Grim's Appeal, 109 Pa. 391. Besides that, the amount distributed was small, which seems to have had its influence. " The appellees are not concluded," says STERRETT, J., " by the confirmation of the executors' account or distribution of the small balance then in their hands." Consideration being given to these circumstances the decision may be reconciled with the others cited ; we do not regard it as intending to modify them. But as to the interest and income to be found in the two accounts before us the right of the exceptant is clear. He is not bound to await the transfer of the fund to the trustees who are the executors themselves, and their investment of it for his benefit. The interest earned or income received on investments which must necessarily go to make up the residue as ascertained by the executors' final account are his, and he is entitled to them in the hands of the executors as such, just as much as in their hands as trustees. This is the unquestioned rule where there is the bequest of a specified sum in trust for investment, and was applied in Hilyard's Estate, 5 W. & S. 30, Townsend's Appeal, 106 Pa. 268, Pennsylvania Co.'s Appeal, 41 Leg. Int. 26, Flickwir's Estate, 136 Pa. 374, and Eichelberger's Estate, 170 Pa. 242; but it is equally applicable to the case of the bequest of an aliquot portion of the residue. The point was squarely raised in Green v.

Green, 30 N. J. Eq. 451, where one fifth of the residue of the estate was given by the testator to his executors in trust to pay the interest as to a certain portion to his daughter for life.  "It is suggested by counsel of the executors," says RUNYON, Ch., "that all the cases cited on the hearing, in which the rule under consideration has been applied, are cases in which the residuum has been given to a legatee for life with remainder over, and that the rule does not apply to such a case as this where the residuum is given to trustees in trust to pay interest, etc.  But it does apply to the case where the gift is to a trustee charged with the duty of investment so far as securities are concerned upon which interest is received within the year, whether the securities be new investments or old, whether they be investments in which the fund is received from the estate of the testator or new ones made by the trustee.  The fact that a trustee is interposed between the legatee and the legacy can make no difference in the application of the rule."

An examination of the two accounts under review discloses $906.19 of interest in the one, and $1,370.06 in the other, or a total of $2.330.25 in both; and as the clear residue of the estate as shown by the three accounts which have been filed, amounts to over $41,000, there can be no question as to the aggregate interest so shown, being earnings thereon, and one sixth of it must, therefore, be awarded to the exceptant as well as one sixth to Mrs. Nichols, who stands in the same situation.  What more they may be severally entitled to at the hands of the executors as trustees must be left until the last account comes up before us for review.  We may then have to pass on the question, not only of what has been earned but what ought to have been, but for the present we must content ourselves simply with distributing that which is here.

The first exception to the report of the auditor is overruled, but the second, third and fourth are sustained.

*Error assigned* was in overruling the first exception to the auditor's report, which exception is as follows : " The auditor erred in finding that the adjudication of the auditor in the first partial account is conclusive on the adjudication of a subsequent account against the claim of Benjamin Avery Brown for interest from the date of the testator's death, and he is too late."

*W. S. Huslander*, for appellant.—Where the money is to be invested and interest to be paid thereon, the legatee is entitled to interest from the death of the testator: Hilyard's Est., 5 W. & S. 30; Flickwir's Est., 136 Pa. 374; Spangler's Est., 9 W. & S. 135; Eichelberger's Est., 170 Pa. 374; Moyer's Est., 141 Pa. 125.

The confirmation of a partial account is conclusive as to such matters only as are properly embraced within it. It is not conclusive as to matters not so embraced: Robins's Est., 180 Pa. 630; Leslie's App., 63 Pa. 355; Keech v. Rinehart, 10 Pa. 242; McLellan's App., 76 Pa. 231; Guenther's App., 4 W. N. C. 41.

Where personal property is invested in funds drawing interest, the decisions are to the effect that the interest belongs to the bulk of the estate : Hilyard's Est., 5 W. & S. 30; Booth v. Booth, 1 Beav. 125; Stiles v. Guy, 4 Y. & Coll. 571.

*Thomas F. Wells*, with him *C. R. Pitcher*, for appellees.—The general rule laid down in the books is that a legacy devised generally carries interest from the expiration of the year after the testator's death, but if the legatee, being of full age, neglects to demand it at that time, he can have interest from the time of the demand only: 3 Rhone's Orphans' Court Prac. in Penna. p. 61, sec. 155; Burkman v. Albert, 9 Lancaster Bar, 17; Moyer's Est., 141 Pa. 125; Schwartz's App., 119 Pa. 337; Flickwir's Est., 136 Pa. 374.

While the word "money" may, when so intended by the testator, include any kind of property, even land, it can never have that effect when the context of the testament clearly shows that it was not so intended: Levy's Est., 161 Pa. 189; Burkman v. Albert, 9 Lancaster Bar, 17; Jacobs's Est., 140 Pa. 268; MacConnell v. Wright, 150 Pa. 275; Smith v. Davis, 3 Pittsburg Legal Journal, 317; Reed's App., 82 Pa. 428.

When a bequest of a sum of money is made, and time of payment fixed, that determines the precise sum to be paid at the time fixed except where, from the relation of the testator to the legatee, the law infers an intention to pay interest: Page's App., 71 Pa. 402; Cooper v. Scott, 62 Pa. 139; Patterson's App., 25 Pittsburg Legal Journal, 69; Spangler's Est., 9 W. & S. 135; Eyre v. Golding, 5 Binney, 472; Massey's App., 88 Pa. 470.

1899.]                    Opinion of the Court.

PER CURIAM, March 27, 1899:

We are not convinced that there is any error in this record that requires either reversal or modification of the decree. On the contrary, we are satisfied that the questions necessarily involved were correctly decided.

The decree is affirmed on the opinion of the learned president of the court below, and the appeal is dismissed at appellant's costs.