# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Goodman's Appeal.

199     1
19 SC   153
f 19 SC   155

*Will—Remainder—" Die unmarried."*

Testator directed as follows: "I give and bequeath unto my son Joseph the sum of twenty thousand dollars, in trust to invest it, if possible, on mortgage, and to pay the interest to my daughter Catharine during her natural life, and after her death, I give and bequeath the principal and interest thereon to her children, if she was married and had any, share and share alike. But if she should die unmarried, then I give and bequeath the one half thereof to my son Joseph and the other half to his four children." Catharine died married, but without having had children, leaving her husband to survive her. *Held*, that Joseph and his four children were entitled to the fund of $20,000.

Argued March 4, 1901. Appeal, No. 199, Jan. T., 1900, by Charles C. Goodman, from decree of O. C. Berks Co., Jan. T., 1894, No. 46, overruling exceptions to adjudication in the estate of Daniel Klapp, deceased. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Daniel Klapp died, testate, on February 19, 1891, having, by his last will and testament, provided, inter alia, as follows: "I give and bequeath unto my son Joseph the sum of twenty thousand dollars, in trust, to invest it, if possible, on mortgage, and to pay the interest to my daughter Catharine during her natural life, and after her death, I give and bequeath the principal and interest thereon, to her

children, if she was married and had any, share and share alike. But if she should die unmarried, then I give and bequeath the one half thereof to my son Joseph and the other half to his four children, Emma, Daniel, Catharine and Abraham; and if any of them should happen to die under age, then I give and bequeath the share or shares of him, her or them so dying, unto the survivor or survivors of them."

Catharine Klapp was unmarried at the date of the will of the testator, and also at his death, but she subsequently married Charles C. Goodman, and died December 4, 1899, testate, without children, and without ever having had a child, leaving her said husband to survive her, and having appointed him the executor of her will. Joseph Klapp, the trustee named in the will of Daniel Klapp, died March 27, 1893, and the Reading Trust Company was appointed trustee in his stead.

BLAND, P. J., awarded the fund of $20,000 to Joseph and his four children.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was in dismissing exceptions to adjudication.

*Henry Maltzberger*, for appellant.

*Horace A. Yundt, Isaac Hiester* and *Cyrus G. Derr*, for appellees, were not heard.

PER CURIAM, April 1, 1901:

The clear intention of the testator was that the bequest to his daughter Catharine for life with remainder to her children, should go to his son Joseph, and his children in the event that Catharine died unmarried, or married without children.

The decree is affirmed at the cost of the appellant.