## Klapp's Estate.

*Will—Remainder—" Die unmarried."*

· Testator after having provided that certain of his real estate should be held for ten years and also having provided for the disposition of the rents and the title, if either of his children should die within that period, further directed as follows: "But if both of my children be deceased before the ten years have expired, then the rents shall be equally divided between the four children of my son, and the children of my daughter, if she was married and had any, that is to say, that the said four children above named, shall receive one half of the rents and the children of my daughter, the other half. If my daughter died unmarried, then the said children of my son shall be entitled to the rents. If both of my children are deceased at the expiration of the said period of ten years, then I give, devise and bequeath the undivided half part of the premises to my four children, above named, and the other undivided moiety to the children of my daughter if she was married and left any, but if she died unmarried then I give and devise the said premises to the four children of my son, above mentioned." The daughter died married, but without having had children, leaving her husband to survive her. *Held,* that the son and his four children took the entire estate.

Argued March 5, 1902. Appeal, No. 358, Jan. T., 1901, by Charles C. Goodman, from decree of O. C. Berks Co., Jan. T., 1894, No. 46, sustaining demurrer to petition for partition in Estate of Daniel Klapp. Before McCollum, C. J., Dean, Fell, Mestrezat and Potter, JJ. Affirmed.

Demurrer to petition for partition.

From the record it appeared that Daniel Klapp died on February 19, 1891, having by his last will provided, inter alia, as follows:

"Item: It is my will, that my children shall rent my property, situate on the north west corner of Penn and Third streets in the City of Reading, containing about eighty feet in front on said Penn street and two hundred and seventy feet in depth to Court street, for the period of ten years and divide the rents between them, after deducting all expenses; and at the expiration of that time, my son Joseph shall have the first choice to take the property at the sum of twenty thousand dollars, paying to my daughter Catharine the interest of ten thousand dollars, during her life and after her death the principal and interest to her children, if she was married and had any; but if she died unmarried, then I give and bequeath the one half thereof to my son Joseph and the other half to his four children before mentioned, share and share alike: If however my son declines to take it at the appraisement; then my daughter Catharine shall have the opportunity of taking the property at the valuation I have put upon it, she then paying to my son, the interest of ten thousand dollars during his life and after his death, the principal and interest thereon, to his four children above referred to, share and share alike. But if either of my children, should die, within the same period, the survivor shall pay, to the children of my deceased child, unless my daughter dies unmarried, the rent of one half of the premises, after deducting all charges incurred. If my daughter is unmarried at the time of her death, then the rents after all proper deductions shall be equally divided between my son and his four children I have before named, each to take a moiety thereof. If my son dies first then I mean that his four children above named shall receive one half the rents.

"Item: But if both of my children be deceased before the

ten years have expired, then the rents shall be equally divided between the four children of my son, and the children of my daughter if she was married and had any; that is to say, that, the said four children above named, shall receive the one half of the rents, and the children of my daughter the other half. If my daughter died unmarried then the said children of my son shall be entitled to the rents.

"Item: If both of my children are deceased at the expiration of the said period of ten years, then I give, devise and bequeath the undivided half part of the premises to my four grandchildren, above named, and the other undivided moiety to the children of my daughter if she was married and left any, but if she died unmarried then I give and devise the said premises to the four children of my son, Joseph above mentioned."

Catharine Klapp was unmarried at the date of the will of the testator, and also at his death, but she subsequently married Charles C. Goodman, and died December 4, 1899, testate, without children, and without ever having had a child, leaving her said husband to survive her. and having appointed him the executor of her will.   Joseph Klapp died March 27, 1893.

The court sustained the demurrer and dismissed the petition.

*Error assigned* was the decree of the court.

*Henry Maltzberger*, for appellant.

*Isaac Hiester, Horace A. Yundt* and *Cyrus G. Derr*, for appellee were not heard.

PER CURIAM, June 4, 1902:

This appeal presents the same question that was raised and decided in Goodman's Appeal, 199 Pa. 1, in which it was held that the clear intention of the testator was that the bequest to his daughter Catharine should go to his son Joseph and his children in the event that Catharine died unmarried, or married and without issue.

The decree is affirmed at the cost of the appellant.