Estate of William Band, Jr., Deceased.

554

Argued November 18, 1931.

Before TREX-
LER, P. J., LINN, GAWTHROP, CUNNINGHAM, BALDRIGE
and STADTFELD, JJ.

*Paul Lane Ives,* and with him *Taylor, Chadwick &
Weeks,* for appellant.—The legatee for life. of the
residuary bequest is entitled to income accrued during
the settlement of the estate: In re Adrian, 87 N. J.
Eq. 307; Patterson's Estate, 3 Pa. Dist. R. 796.

*Edw. D. McLaughlin,* and with him *Wm. B. Harvey,*
for appellee, cited: Vogt's Estate, 297 Pa. 92.

OPINION BY TREXLER, P. J., December 16, 1931:
William Band, Jr., in his last will and testament,
after providing for the payment of his funeral ex-
penses and the erection of a monument, bequeathed as
follows:
"Third: I give and bequeath unto the Delaware
County Trust Company of the said City of Chester the

sum of ten thousand dollars ($10,000) in trust to invest and reinvest the same and to pay the net income arising therefrom unto my said sister, Anna Band Francis, for and during the term of her natural life;'' with a further direction continuing the trust, the principal finally going to a nephew, Frank Band Francis.

''Fourth: I give and bequeath unto the said Delaware County Trust Company the sum of ten thousand dollars ($10,000) in trust to invest and reinvest the same and to pay the net income arising therefrom unto my said brother, Charles Band, for and during the term of his natural life;'' and in further trust, the principal given ultimately to Frank Band Francis.

''Eighth: All the rest, residue and remainder of my estate, both personal and real, whatsoever and wheresoever situate, I give bequeath and devise unto the said Delaware County Trust Company in trust to invest and reinvest the personalty, and to let and demise the realty, and to pay the net income arising therefrom in monthly installments unto Mrs. August M. Frigar (nee Bergdoll) for and during all the term of her natural life;'' and in further trust, the principal ultimately going to Frank Band Francis.

In the eleventh clause of the will, the executors and trustees are granted permission to hold and retain investments and securities in kind or at their discretion to sell them and convert them.

There was an accumulation of income received by the estate between the time of the death of the decedent and the audit and the auditing judge awarded the entire amount of such income to Mrs. August M. Frigar, who under the will was to receive the income of the residuary estate. Upon exceptions being filed and argument had, the court divided the income between the three trusts in the proportion of the principal sums of said trust estates respectively.

The Fiduciaries Act of 1917, P. L. 447, Section 21,

provides: "Section 21. Legacies, if no time be limited by the will for the payment thereof, shall, in all cases, be deemed to be due and payable at the expiration of six months from the death of the testator. Interest on all pecuniary legacies, whether bequeathed directly or in trust, shall, unless a contrary intention appear by the will, begin to run from the expiration of one year from the death of the testator; except that, if the account of the executor be filed and confirmed and distribution awarded before the end of such year, then interest on such legacies shall run from the date of the award: Provided, that where a pecuniary legacy is bequeathed to or for the use of the widow of testator or any child or descendant of the testator, or any person toward whom the testator in his lifetime stood in loco parentis, or for the maintenance of any person, interest shall, unless contrary intention appear by the will, begin to run from the date of the death of the testator."

The cestuis que trust are not descendants of the testator, nor was he in loco parentis to any of them. If there were a bequest of a definite sum absolutely, no interest would accrue or be demandable until a year had passed since the death of the testator, and if due by reason of the time limit expiring, would presumably be payable as a compensation for the delay in distributing the estate. Such interest must be paid irrespective of the fact whether or not there be any income received by the estate. The testator in the present case had his mind set on income. This does not mean interest. It may include interest, but it may be derived (as indeed in this case it was partly) from dividends.

The testator provided for the payment of the income of his entire estate barring a few expenditures for his funeral and monument to these legatees. The

executors could retain the investments and securities
in kind. There is no reason to believe that he intended
the income after his death to go to increase the corpus
of his estate for a time and then go to the objects of
his bounty. It is this income which all these legatees
claim. The only difference being that one legatee
claims all because the residuary estate comprises the
trust estate of which she is to get the income.

We all think that the intention of the testator was
that the income of the estate should be divided be-
tween the several trusts. They stand in the same posi-
tion under the will except that the first two trust
estates are definite in amount while the third includes
what is left of the general estate. Each cestui que
trust gets the income of the trust created for his
benefit for life. None of them participate in the
corpus of the estate. If the appellant receives the in-
come of her trust estate and that of the other trust
estates, she gets more than the testator ever contem-
plated, judging by the language of the will. We can-
not see how under any theory the first two beneficiaries
should receive nothing and the last receive all of the
sum in question. If they are entitled to none of it,
she is in the same position. The income would go to
the enhancement of the principal, and none of the par-
ties would be entitled to any part of it, but it would
be treated as part of the residuary estate of which
the appellant is to receive the income only.

We repeat, the testator had in mind income actually
received by the estate whether interest or dividends
or any other source, and that each cestui trust was to
get his or her proportionate share from the time of
his death. This was his evident intention and such
disposal of the income is fair to all parties interested.
We may add although the point is not disputed, that
the cestuis que trust need not await the transfer of

the fund to the trustees, but may receive it at the hands of the executors: Brown's Estate, 190 Pa. 464.

The decree of the orphans' court is affirmed; the costs to be paid by the estate.