## Steubner's Estate

*John G. Kaufman*, for exceptants; *Paul Van Reed Miller*, contra.

GEST, J., May 27, 1932.—The testator by his will bequeathed certain pecuniary legacies to his trustee in trust to invest the same and pay over the income to the cestuis que trustent for their respective lives, and upon their deaths in trust to hold the principal or corpus as part of the residuary estate upon the trusts declared in the will with respect thereto, which briefly were to accumulate as part of the corpus five per cent. of the income until the corpus should amount to

$500,000, and to pay the balance of the income to certain charitable institutions. The auditing judge held that the cestuis que trustent were entitled to interest from July 1, 1931, only, and they filed exceptions on the ground that they were entitled to receive their proportionate part of the income received from and after the decease of the testator. We dismissed these exceptions in an opinion filed December 31, 1931, reported in Steubner's Estate, 16 D. & C. 309.

The exceptants then petitioned the court to grant them a reargument, on the ground that the Superior Court in Band's Estate, 103 Pa. Superior Ct. 553, had decided the contrary. The opinion in that case was filed by the Superior Court on December 16, 1931, and naturally was not known either to counsel or the court when this case was argued before us; and the opinion has but recently been reported.

We have carefully read this opinion in connection with the facts of the case and are unable to discover any substantial distinction between it and the present case. The Superior Court appears to have arrived at the contrary opinion of the law, and we are, therefore, compelled to follow it, especially as the paper books in Band's Estate contain everything that can profitably be urged on the other side.

The exceptions to the adjudication are, therefore, sustained, and the record is remitted to the auditing judge in order that he may award distribution in accordance with the decision of the Superior Court.