WALTER A. EDWARDS, Tr. *vs.* H. GARDINER MARTIN *et al.*

JANUARY 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought by the trustee under the will of Ellen Martin, deceased, for instructions as to the disposition of the principal of a trust created by said will and of the income accruing thereto since the decease of Harold G. Martin, life tenant of the income of said trust. The cause, being ready for hearing for final decree, has been certified to this court for determination under the provisions of G. L. 1923, Chapter 339, Section 35, upon bill, answers and replications.

Ellen Martin died on July 31, 1920, and was survived by her son, Harold G. Martin, and by his son, respondent H. Gardiner Martin, referred to in her will as Harold G. Martin, Jr. By her will, after certain specific bequests and devises, she devised and bequeathed all the residue of her estate to James E. Thompson upon trust—with certain reservations—to pay over the income therefrom to her son Harold G. Martin during his lifetime. Provision for the disposition of the remainder after his death was as follows:

> "If my son, said Harold G. Martin, shall decease before my said grandson, Harold G. Martin, Jr., shall have attained the age of twenty-five years, then such income shall be paid by said trustee to said grandson until he attains said age of twenty-five years; and if my said son, Harold G. Martin, shall have deceased before my said grandson shall have attained the age of twenty-five years, upon said grandson's attaining the age of twenty-five years said trustee shall then convey and transfer all the assets and property, both real and personal, in his possession to my grandson, said Harold G.

Martin, Jr., to have and to hold the same to him, his heirs and assigns forever.

"If said grandson should marry and decease before having reached the age of twenty-five years, leaving issue, then said trustee or his successors in said trust shall hold said estate until the youngest of said issue shall have attained the age of twenty-one years and pay over the income for the benefit and support of the widow and issue, share and share alike, if any there may be.

"If, however, said grandson shall pre-decease my said son, said Harold G. Martin without leaving widow or issue, then forthwith said trustee or his successor in said trust shall convey and transfer to my said son all of the said trust estate of every kind and description, to have and to hold the same to him, his heirs and assigns forever."

Shortly after the death of the testatrix James E. Thompson resigned as trustee and the complainant was appointed in his place. Harold G. Martin, son of the testatrix, died on July 26, 1933. At that time respondent H. Gardiner Martin was over twenty-five years of age. Harold G. Martin left a will whereby he devised and bequeathed all his estate to his widow, respondent Mildred Martin, the mother of respondent H. Gardiner Martin, and she was appointed executrix thereof.

In the will of Ellen Martin no express provision was made for the disposition of the remainder after the son's life interest in the event of the son's death before the grandson and after the grandson had reached the age of twenty-five, and it is by reason of the omission to provide expressly for this contingency that the trustee brings this bill for instructions. The life beneficiary having deceased, the complainant asks to be advised whether the trust estate, the income from which was payable to Harold G. Martin during his lifetime, and the income accruing thereto since his

decease are effectually disposed of by the will of Ellen Martin or pass as intestate property of Ellen Martin, and whether, therefore, said trust estate and income should be transferred to the respondent, H. Gardiner Martin, as the person entitled thereto under the will of Ellen. Martin, or should pass as intestate estate to the respondent Mildred Martin as the sole devisee under the will of Harold G. Martin, the heir at law of Ellen Martin.

We are of the opinion that the principal and accrued income of the trust estate in question were effectually disposed of by the will of Ellen Martin and do not become intestate assets. The intention of the testatrix, as disclosed by all the provisions of the will and the circumstances surrounding her, was clearly to make such a disposition. The rule was recently stated by this court in *City Bank Farmers Trust Co.* v. *Taylor*, 53 R. I. 126, as follows: "It is the duty of the court to ascertain and give effect to the intention of the testator as expressed in his will, if not contrary to established principles of law. This intention is to be ascertained by looking to the language of the whole will and the circumstances surrounding the testator." There is also the presumption against intestacy, here particularly strong since the residuary clause is the subject of consideration. In *Pell* v. *Mercer*, 14 R. I. at 427, this court said: "It is reasonable to suppose that a man who makes his will does not intend to die intestate as to any part of his property, and hence courts are reluctant to construe a will so as to allow a partial intestacy if they can avoid it. . . . This reluctance becomes stronger when, as here, the bequest which gives rise to the claim of partial intestacy is . . . in the nature of a residuary bequest."

The provisions of the whole will and the circumstances surrounding the testatrix show that she intended her grandson to be the recipient of the permanent portion of her estate and to take the remainder whether or not he was over the age of twenty-five years upon his father's decease. Her express language, as used in clause 7 of the will above-quoted, clearly shows that she intended her son to have no

more than a life estate so long as her grandson or his widow or issue were alive. She expressly provided that the principal of the trust should eventually go to the grandson or his family, if the son died before the grandson was twenty-five, although at the time of the execution of the will the son was only forty-nine years of age. She further provided that the grandson's issue should ultimately take if the grandson died before he was twenty-five, although at that time he was only fifteen years of age. In view of these provisions, intended to protect the grandson's interest in comparatively obscure contingencies, to hold that the testatrix purposely omitted a provision to protect his interest in the very usual contingency which occurred —namely, his attaining the age of twenty-five before the death of his father—would be to attribute to her a capriciousness and inconsistency beyond the bounds of reason. Such a conclusion would be contrary to the whole plan and obvious purpose of the will, and can not be permitted. See *R. I. Hospital Trust Co.* v. *Peckham*, 20 R. I. 332; *Turbitt* v. *Carney*, 43 R. I. 582; *Metcalf* v. *Framingham*, 128 Mass. 370; *City Bank Farmers Trust Co.* v. *Hentz*, 107 N. J. Eq. 283; *Williams* v. *Jones*, 166 N. Y. 522; *Cox's Estate*, 180 Pa. 139.

Our decision is that the trust estate, the income from which was payable to Harold G. Martin during his lifetime, and the income accruing thereto since the decease of said Harold G. Martin were effectually disposed of upon his decease by the will of Ellen Martin and passed to respondent H. Gardiner Martin.

On the fifteenth day of January, 1934, at 10 a. m. the parties may present to this court for approval a form of decree in accordance with this opinion.

*Edwards & Angell*, for complainant.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Chauncey E. Wheeler, W. Harold Hoffman*, for H. Gardiner Martin.

*Littlefield, Otis & Knowles, James B. Littlefield*, for Mildred Martin.