## Rice's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

654

*Joseph H. Lieberman,* for exceptants.

*George B. Clothier, John F. E. Hippel,* and *Leon J. Obermayer,* of *Edmonds, Obermayer & Rebmann,* contra.

BOLGER, J., May 20, 1938.—The exceptions refer to two matters: (1) That an intestacy should have been decreed as to the portion of the estate following or limited upon the gifts to testator's wife; (2) that, if no such intestacy exists, income should have been awarded on the $50,000 trust for testator's sisters from the date of testator's death.

The intestacy argument is predicated upon the fact that while the will provides gifts to testator's wife and limitations over in the event of her remarriage or of her remaining and dying unmarried, no provision is specifically made for the eventuality that did occur, namely, should she predecease him; therefore, the limitations over, including establishment of the trust for testator's sisters, as well as the charitable gifts, fall.

Clause six of the will, which includes all the subject matter of the controversy, consists of a series of unnumbered paragraphs, the order of which is clearly and correctly stated in the adjudication. It contains a complete dispositive scheme, except as noted above, under the construction given it by Judge Sinkler, while such scheme would be almost entirely disrupted under the literal construction sought by exceptant, Rena R. Sternfels, one of testator's sisters and co-fiduciary of the $50,000 trust fund.

The question presented is not novel. The answer is found in the presumption against intestacy, the authorities to support which are amply stated in the adjudication.

The dominant considerations in the many reported cases are: (1) Testator must attempt and intend to make a complete disposition of his property; (2) the intention effectuated by the devise must be gathered from the text of the will, not necessarily literally but reasonably clearly and without doing violence to the language used.

Specifically the facts here are similar to those in Wilkes' Estate, 25 D. & C. 343, where testator spent so much of his attention in providing gifts over, to avoid the effect of lack of presumption should he and his wife die at or about the same time, that he failed expressly to cover the circumstance which occurred when she predeceased him. Judge Bok said, in sustaining the adjudication of Judge Klein, effectuating the gifts over and refusing to decree intestacy:

"It might have been simpler for him [testator] to say, 'In the event that my wife shall predecease me', but the fact that he did not adopt a simple method does not force us to find that the method he did adopt was ineffective. He may not even have intended the result which we have reached, but the will does not clearly indicate his intention. In consequence, the law must determine the answer by applying its rules of construction. The question in a case like this is not whether the decedent used the best possible language to express himself, but whether certain rules of construction can apply to the language he did use."

This reasoning and the application of it are fully sustained by other authority. Judge Bok cited Hurd's Estate, 305 Pa. 394. Judge Klein cited May's Appeal, 41 Pa. 512, and Moyer's Estate, 280 Pa. 131. Others of like character are Cox's Estate, 180 Pa. 139, and Kenworthy's Estate, 269 Pa. 315.

In Biles et al. v. Biles, 281 Pa. 565, testator, after reciting that he was disposing of his entire estate, provided a gift of real estate for his wife for life or widowhood; should she remarry, then to a crippled son Louis. No pro-

vision was expressly made for Louis should he survive his mother, which happened. It was held that Louis took a vested and not a contingent gift. The court remarked that an intestacy would favor, inter alia, two other sons who were cut off with one dollar and said: "The language is persuasive that testator intended they should have no greater interest." Pursuing this thought, it can be here pointed out that testator intended exceptant and her sister to receive no more than life interests under the $50,000 trust.

Therefore, we hold the auditing judge correctly construed the will.

On the second question involving the award of income, the record reveals that this question was not presented to the auditing judge, who therefore had no opportunity to pass upon it. Furthermore, his award of income was "to the parties entitled".

There is no necessity for referring the matter back to the auditing judge, since he is thoroughly in accord with the request of the life tenants. Our appellate courts have clearly decided a direction to pay income to life tenants entitles them to a pro rata share of the income of the estate from the death of testator to the time of distribution: Band's Estate, 103 Pa. Superior Ct. 553; Jackson's Estate, 318 Pa. 256.

Therefore, the exceptions to this aspect of the adjudication are dismissed pro forma, and the schedule of distribution directed by the auditing judge will reflect, inter alia, the pro rata distribution of earned income on the $50,000 trust fund to Rena R. Sternfels and Jessica R. Sondheim in equal shares, from the date of testator's death.

The exceptions are dismissed, and the adjudication as herein amplified is confirmed absolutely.