## Heywood's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

446

*John B. Gest* and *Robert F. Irwin, Jr.*, for exceptants.

*Pierce Archer, Jr., John J. Mitchell, Jr.*, and *W. LeRoy McKinley*, contra.

HUNTER, J., June 30, 1944.—Testatrix gave the income of her estate to the two children of her daughter, Eliza Lytle Macalister Volchi-Vici, and to the survivor of them, during the life of their mother, and expressly limited the income to that period because upon the death of their mother they would inherit the estate of a great-grandfather; she further provided "in case both of my said grandchildren shall die during the life of their mother . . . then and in that case I direct on the death of the survivor of my said two grandchildren said trustee shall convey . . . all my property and estate to the children of my son, Richard K. Macalister, M. D., share and share alike."

The event provided for by testatrix, the death of the Volchi-Vici grandchildren in the lifetime of their

mother, did not occur. There is no express gift in the event which did occur, the survivorship of both children at the death of their mother.

Is there an implied gift to the Macalister grandchildren, or an intestacy as found by the auditing judge?

It is strange that testatrix should predicate her gift upon the death of both Volchi-Vici grandchildren in the lifetime of their mother, and not upon the death of the mother in any event. The grandchildren were the younger generation and it was not to be expected that their mother would outlive both of them. In other words, testatrix provided for an unlikely event and omitted an event certain to occur.

An intestacy is unavoidable unless the intention of testatrix, expressly or by implication, can be found in the language of the will.

In Grothe's Estate, 229 Pa. 186, 192, the court said:

". . . if it was an oversight, the courts have no authority to insert a provision . . . under the assumption that it was the intention of the testator. It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out. It will not do for the courts to undertake to guess at the intention of a testator and declare that to be his will. If he sees fit for any reason not to dispose of any part of his estate, or such is the result of ignorance or oversight, the courts cannot supply the gap or hiatus and reconstruct the will. To do so would be a perversion of the functions of the court, and deprive a testator of the right to dispose of his property."

The court also said (p. 190) :

"While it is a presumption that the testator intended to dispose of his whole estate, there is a like presumption of equal force that the heir is never to be disinherited except by plain words or necessary implication. These presumptions, we have frequently said, are of like force and effect, and in applying one, we

must not overlook the other. Neither presumption, however, can be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication. Our function is to construe, not to make, a will for the testator."

The above principles are further illustrated by Ryon's Appeal, 124 Pa. 528, Filbert's Estate, 195 Pa. 295, Corr's Estate, 202 Pa. 391, English's Estate, 242 Pa. 545, Kidd's Estate, 293 Pa. 56, and by the recent case in this court of Doerr's Estate, 47 D. & C. 587, where unprovided-for events resulted in intestacy.

We have read with care the cases cited by exceptants, Ferry's Appeal, 102 Pa. 207, Cox's Estate, 180 Pa. 139, Goodman's Appeal, 199 Pa. 1, Kenworthy's Estate, 269 Pa. 315, and Klapp's Estate, 19 Pa. Superior Ct. 150, and we recognize that it is difficult to make clear distinctions between them and the line of cases first above cited. This is to be expected, however, because the border line between implication and conjecture is not easily drawn.

In our opinion the instant case is one in which the exact intention of testatrix cannot be found. No reconstruction or transposition of the words which she has used can result in a gift to exceptants, and as was said in McKeehan et al. v. Wilson, 53 Pa. 74, 76:

". . . if from the will the intent cannot be gathered, words cannot be supplied to disclose the intent, for it may not have been the intent of the testator."

We know from her language that the Macalister grandchildren were to take if the Volchi-Vici grandchildren were not living. They are living, however, and we do not know what her desires were in that event. We know also that the payment of the whole *income* to the latter grandchildren was to cease upon the death of their mother, or their prior deaths, but we are not sure that she intended to deny them a share of *principal* if they survived the termination of the trust.

The exceptions are dismissed and the adjudication is confirmed absolutely.