## Austin Keene's Appeal.

1. The Act of April 17th 1869 (relating to the right of contingent interests to call executors to account), is constitutional.

2. The act is an extension of a remedy to existing rights.

3. "I bequeath to E. my niece $30,000, whether married or single, during her life and after her death to her children, if any, absolutely, but if she dies without issue the principal to go to her brothers H. & J.; the interest only for their use, but to their children, lawful issue, absolutely." The niece took but an interest for life, with limitation over to her children absolutely.

4. "If she dies without issue," means if she should leave no issue at her death.

5. "The residue of my estate I give to my niece subject to the same conditions as my legacy of $30,000, the interest to be enjoyed by her during life, the principal to devolve to her lawful issue absolutely; if she dies unmarried, she has power to devise it, to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue absolutely." The niece took but a life estate with limitation over to her children absolutely.

6. "Absolutely" as applied to her children distinguishes it from the interest given to her.

7. The gift of power to devise, shows that an absolute interest in the niece was not intended.

8. If the interest of a fund be given and the bequest be indefinite and without ultimate limitation over, it will carry the principal absolutely.

[Keene's Appeal.]

9. H. and J. brothers of the niece took only life estates.

10. J. died before the testatrix, there being a distinct gift to the children in remainder, there was no lapse.

11. The gift to the children was not through their father; their interest was independent.

12. "I give to my nephew H. $10,000, the interest only to be paid to him during his life; if he marries and has children, to his lawful issue absolutely; but if he dies unmarried, this sum to be divided between his two, or one surviving brother and his sister, receiving the interest only of the same, during their lifetime." If he died without issue the legacy would pass into the residue.

13. E. and H. were both married but had no children, a child of J. had a contingent interest, and under the Act of 1869 might call the executrix to account.

February 16th 1870.  Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.  THOMPSON, C. J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia:* No. 198, to January Term 1870.  In Sarah Lukens Keene's Estate.

Sarah L. Keene died May 11th 1866, having made her will, which was proved June 9th in the same year, and letters testamentary were granted to Ellen Keene Mitchell, wife of Samuel B. W. Mitchell, the executrix named in it.

The will, amongst others, contained the following clauses:—

"I also bequeath to this niece" (Ellen Keene, now Mitchell, the executrix), ("the only surviving daughter of my brother, Jesse Lukens Keene, deceased), whom I have educated, the sum of thirty thousand dollars, to be invested in ground-rents, or bonds and mortgages on real estate, the interest to be paid to her only or her power of attorney, whether married or single, during her life, and after her death to her children, if any, absolutely; but if she dies without issue the principal to go to her brothers, Henry and James, namely, the aforesaid investment of thirty thousand dollars in ground-rents and bonds and mortgages, the interest only for their uses; but to their children lawful issue, absolutely.

"I give and bequeath to my nephew, Henry Edgar Keene, ten thousand dollars, to be invested in ground-rents, or bonds and mortgages on real estate, the interest only to be paid to him during his natural life; if he marries and has children, to his lawful issue absolutely; if he dies unmarried, this sum to be divided between his two or one surviving brother and his sister, subject to the same investment, and receiving the interest only of the same during their lifetime.

"The residue of my estate, real and personal, I give and bequeath to my dear and affectionate niece, Ellen Keene, subject to the same conditions as my legacy of thirty thousand dollars, specified in a former part of this instrument, the principal to be invested in ground-rents, or in the bank-stock considered safe,

but preferable in bond or mortgage on real estate, the interest to be enjoyed by her during her life, the principal to devolve to her children, lawful issue, absolutely; if she dies unmarried, she has power to devise it to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely."

The Act of April 17th 1869, § 1, Pamph. L. 70, Purd. 1549, pl. 3, provides that " the owner of any contingent interests in the personal property of any decedent may legally require any executor or administrator thereof to make and exhibit in the register's office his or her account of the trust, in one year from the time of administration granted, and may require the legatee of any previous interest in the same property, before receiving the same, to give security in the Orphans' Court, having jurisdiction of the account of the executor or administrator of the decedent, in such sum and form as in the judgment of such court shall be sufficient to secure said contingent interest whenever the same may accrue or vest."

On the 28th of September 1869, Austin Keene petitioned the Orphans' Court, setting forth the death of Sarah L. Keene, her will and grant of letters testamentary to Mrs. Mitchell; that the testatrix left a niece, the above-named Mrs. Mitchell, a nephew, Henry E. Keene, children of two nephews, James and Lenox, who had died before her, the petitioner being a son of James; that Mrs. Mitchell and Henry E. Keene were both married in 1857, and have no children; that the executrix filed an inventory amounting to $52,030.77, but had not exhibited an account.

The prayer was for a citation to the executrix to settle an account.

The executrix denied that under the allegations in the petition she was liable to account.

The Orphans' Court dismissed the petition; the petitioner appealed to the Supreme Court, and assigned the dismissal of the petition for error.

*G. L. Crawford* (with whom was *B. H. Brewster*), for appellants.—As to the $30,000 bequest, "issue" in connection with the death of Mrs. Mitchell, means " children." In a devise to children with a limitation over in default of issue, issue indefinitely is not intended: 2 Jarman on Wills 368, 398; De Haas *v.* Bunn, 2 Barr 335; Haldeman *v.* Haldeman, 4 Wright 29; Sheets's Appeal, 2 P. F. Smith 268. In personalty, even if issue included other descendants than children, the limitation is to be construed a failure of issue at the death of the first taker, and gives him only a life estate: 2 Redfield on Wills 372, §§ 20, 21, 22 and n.; Hawkins on Wills 197; Emma Myers's Appeal, 13 Wright 111;

[Keene's Appeal.]

Walker v. Milligan, 9 Id. 180; 2 Jarman on Wills 353; Ryan v. Cowley, Lloyd & Goold 10; Carter v. Bentall, 2 Beav. 551.

As to the $10,000 bequest. The gift to Henry is expressly for life. The limitation over, "if he dies unmarried," means never having been married: In re Thistlewayte Trust, 31 E. L. & Eq. R. 547; Norman's Trust, 17 Id. 127; Mangham v. Vincent, 18 Law J. R. N. S. Ch. 329; Hall v. Robertson, 21 E. L. & Eq. R. 504; Bell v. Phyn, 7 Ves. 458; Maberly v. Strode, 3 Id. 450; Shreiner's Appeal, 3 P. F. Smith 106.

As to the residue: the power to Mrs. Mitchell to devise may not be exercised; this leaves a contingency in favor of the petitioner: Wickersham v. Savage, 8 P. F. Smith 365.

*E. K. Price*, for appellee.—The want of interest in an estate is incurable by subsequent legislation: Menges v. Dentler, 9 Casey 495. Want of interest is an objection to a bill for relief or discovery: Mitford's Eq. 182. Where plaintiff shows only a probability of a title on an event which may not happen, he has no right to institute suit: Halsey v. Tate, 2 P. F. Smith 311; Okessin's Appeal, 2 Grant 303.

The limitation to James is an alternative one, to take effect if, at Ellen's death, she should have had no child, which only then can be known: Smith's Executory Int. §§ 128, 639. The interest of the plaintiff must be more than mere expectation: Krumbar v. Burt, 2 W. C. C. R. 406. The court will not give a retrospective effect to the Act of 1869: Neff's Appeal, 9 Harris 243; Menges v. Dentler, 9 Casey 495; Barnet v. Barnet, 15 S. & R. 72. The fund that is appropriated by the will to pay the legacies is yet unconverted real estate: Chew v. Nicklin, 9 Wright 84; Annewalt's Appeal, 6 Id. 414.

As to the $30,000 bequest: If the limitation over is to be construed children living at Mrs. Mitchell's death, then if she were to leave no child, but grandchildren, they would take nothing. Such a construction is not adopted in the absence of express words requiring it: Doe v. Peryn, 3 Term R. 484; Weakley v. Rugg, 7 Id. 318; Doe v. Considine, 6 Wall. 458; Rewalt v. Ulrich, 11 Harris 390. The limitation after Ellen's death to her children, "if any," means having had any; for if any born, they would take, as soon as born, a vested remainder absolutely; Lantz v. Trusler, 1 Wright 482; Silknitter's Appeal, 9 Id. 365; Rex's Estate, 10 P. F. Smith 141; Earl v. Grim, 1 Johns. Ch. 494; Adamson v. Armitage, 15 Vesey 415; 2 Redfield on Wills 649; Whittell v. Dudin, 2 G. & W. 279; Hulme v. Hulme, 9 Simm. 644; Lassence v. Tierney, 1 Mac. & G. 551; Train v. Fisher, 15 S. & R. 145; Grove's Estate, 8 P. F. Smith 429; Philips v. Chamberlain, 4 Vesey 51; Bedford v. Stretch, 16 Id. 135; Hawkins v. Hawkins, 7 Simon 173, 197; Elton v.

Shepherd, 1 Bro. C. C. 533; Humphreys *v.* Humphreys, 6 Eng. C. L. & Eq. 113; Hawkins on Wills 123; Haig *v.* Swiney, 1 Sim. & Stu. 487; Clough *v.* Wynne, 2 Madd. 439; Stretch *v.* Watkins, Id. 143; Hawkins 124, 126; Earl *v.* Grim, 1 Johns. Ch. Rep. 494; Garrett *v.* Rex, 6 Watts 14; Hellman *v.* Hellman, 4 Rawle 440; Campbell *v.* Gilbert, 6 Wharton 72; Silknitter's Appeal, 9 Wright 365; Van Rensselaer *v.* Dunkin's Exrs., 12 Harris 252; Womrath *v.* McCormick, 1 P. F. Smith 504. The Act of May 6th 1844 is exclusively prospective in its operation, whether the property, passing under such will, is real or personal: Mullock *v.* Souder, 5 W. & S. 198; Martindale *v.* Warner, 3 Harris 471, 479; Kurtz *v.* Saylor, 8 Id. 205; Neff's Appeal, 9 Id. 243; Fisher *v.* Farley, 11 Id. 501; Becker's Appeal, 3 Casey 52; Dewart *v.* Purdy, 5 Id. 114; Gable *v.* Daub, 4 Wright 217; Taylor *v.* Mitchell, 7 P. F. Smith 209.

As to the $10,000 bequest: "Unmarried" means never having been married: Thistlewayte's Trust, 31 E. L. & Eq. Rep. 547; Norman's Trust, 17 Id. 127; Maugham *v.* Vincent, 18 Law J. Rep. (N. S.) Ch. 329; Hall *v.* Robertson, 21 E. L. & Eq. Rep. 504; Bell *v.* Phyn, 7 Vesey 458; Maberly *v.* Strode, 3 Id. 450; Shreiner's Appeal, 3 P. F. Smith 106. The limitation over of the interest is not only for the want of issue, but the want of marriage of the legatee; and as that event has taken place, such limitation is inoperative: Holmes *v.* Holmes, 5 Binn. 252; Griffith *v.* Woodward, 1 Yeates 316; Jessup *v.* Smuck, 4 Harris 16. The words "if he marries," in this bequest may be treated here, as in Vaughan *v.* Dickes, 8 Harris 514; Matlack *v.* Roberts, 4 P. F. Smith 148, as but a step that was necessarily implied in having children or issue: Eichelberger *v.* Barnitz, 9 Wright 450; Scott *v.* Price, 2 S. & R. 63. If Henry's wife survive him he may provide for her: Everett *v.* Cooke, 7 East 769; Framlingham *v.* Brand, 3 Atk. 300; Baldwin *v.* Rawling, 2 B. & Ald. 448; Hawkins on Wills 210; Rye's Settlement, 10 Hare 11. The first taker in a will is presumed in law to be the favorite of the testator: McFarland's Appeal, 1 Wright 300; Rewalt *v.* Ulrich, 11 Harris 388; Wilson *v.* McKeehan, 3 P. F. Smith 79. The word "devolve" denotes legal succession: Haldeman *v.* Haldeman, 4 Wright 35; Clark *v.* Baker, 3 S. & R. 477; Train *v.* Fisher, 15 Id. 149; Potts's Appeal, 6 Casey 168. The testatrix intended to give Mrs. Mitchell power to provide for her husband: Griffith *v.* Woodward, 1 Yeates 316; 1 Jarman 457; Framlingham *v.* Brand, 3 Atk. 390; Everett *v* Cooke, 7 East 269; Smith's Ex. Int. § 341; Brown *v.* Higgs, 4 Vesey 716; Hall *v.* Dickinson, 1 Grant 240; Baldwin *v.* Rawling, 2 B. & Ald. 441. The word "estate" in the residue is as broad as "to heirs and assigns:" Womrath *v.* McCormick, 1 Wright 504; Sanders's Trust, Law Rep. Eq. Cas. 672; Hambright's Appeal, 2 Grant 321;

[Keene's Appeal.]

Second Reformed Presbyterian Church *v.* Disbrow, 2 P. F. Smith 224; Brook *v.* Brook, 3 Sm. & Giffard 280. If the power to devise the residue be the only means of disposing of the residue, and that be a trust, or duty, it has by events preceding the death of the testatrix, become fixed in favor of her only living brother, Henry: Graef *v.* De Turk, 8 Wright 527; Horwitz *v.* Norris, 13 Id. 213.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—In Keene's Appeal, 10 P. F. Smith 504, a case arising upon the same will now before us, it was held that a person who has a mere possible interest so contingent and uncertain that it may never become vested, is not entitled, under the Act of March 29th 1832, Pamph. L. 208, to process to compel an appearance in the Orphans' Court. In consequence of this decision the Act of April 17th 1869, Pamph. L. 70, was no doubt passed. It provides, "that the owner of any contingent interests in the personal property of any decedent, may legally require any executor or administrator thereof to make and exhibit, in the register's office, his or her account of the trust in one year from the time of administration granted, and may require the legatee of any previous interest in the same property, before receiving the same, to give security in the Orphans' Court having jurisdiction of the account of the executor or administrator of the decedent, in such sum and form as in the judgment of such court shall be sufficient to secure said contingent interest whenever the same may accrue or vest." It is beyond all question that it was competent for the legislature to enact such a law even so as to reach existing cases: for it is only the extension of a remedy to existing rights, which has always been conceded to be within their constitutional power.

Is then, Austin Keene, the petitioner in the court below, the owner of a contingent interest in the personal property of the testatrix, Sarah Lukens Keene? To answer this question it will not be necessary to examine at large the provisions of the will. If in any possible contingency Austin Keene will be entitled to an interest, he must be held to come within the comprehensive words as well as the clear intent and spirit of the Act of 1869.

It seems very plain and is hardly disputed that Mrs. Mitchell (Ellen Keene), both as to the legacy of $30,000 and the bequest of the residuary estate, takes under the will but an interest for her life, with a limitation over to her children absolutely if she should have any. Should she leave no issue living at the time of her death—for that is the established construction of the words "if she dies without issue" in bequests of personalty, 2 Jarman 362—then the principal to go by way of alternative limitation to her brothers Henry and James. The language used in the resid-

14 P. F. SMITH—18

uary clause does not lead to a different result; for the gift is to her for life expressly, and the phrase "devolve to her children, lawful issue, absolutely," however it might be if there were no express life estate, cannot be considered to devolve in a course of succession so as to vest in her the absolute interest. The use of the word "absolutely," as applied to her children, distinguishes it from the interest intended to be given to her. So the power of devising, "if she dies unmarried," shows clearly that the testatrix did not intend that she should have an absolute interest.

Mrs. Mitchell having then only a life estate, it remains to inquire as to the provisions made in the event of her decease without leaving children or issue.

First: As to the legacy of $30,000. "If she dies without issue, the principal to go to her brothers, Henry and James, namely, the aforesaid investment of $30,000 in ground-rents, and bonds, and mortgages, the interest only for their uses; but to their children lawful issue, absolutely." It is unquestionably a well settled rule that although the interest only of a fund be bequeathed, yet if the bequest be indefinite and without an ultimate limitation over, it will carry the principal absolutely. This construction is upon the same principle upon which it is held that a grant or devise of the profits of land will pass the land itself. The rule itself is accurately stated by Mr. Justice Kennedy in these words: "Primâ facie a gift of the produce of a fund is a gift of that produce in perpetuity; and it is consequently a gift of the fund itself, unless there is something upon the face of the will to show that such was not the intention:" Hellman *v.* Hellman, 4 Rawle 450; Campbell *v.* Gilbert, 6 Wharton 78. When however the testatrix declares, as she does here, that the interest shall be only for their (the brothers') uses, but to their children, lawful issue, absolutely—does she not indicate in language which precludes all doubt as to the real intention, that the brothers were to take for life only? Not only is the adversative particle "but" very significant as meaning to express difference, but here again the word "absolutely" distinguishes plainly, as in the former clause of the same paragraph, the interest of the children from those of the father. If then there was a distinct gift to the children in remainder after the life estate, it matters not that James, the life-tenant, died before the testatrix. There would be no lapse. The children do not claim through or in virtue of the gift of their father. Their interest is distinct and independent, and the rule in regard to a lapse apart from the Act of May 6th 1844, sect. 3, Pamph. L. 565, has no application: 1 Jarman 293. It follows that Austin Keene, one of the children of James, is the owner of a contingent interest in the personal estate of Sarah Lukens Keene—by reason of his right to a share of the legacy of $30,000 if Mrs. Mitchell should die without children or issue.

[Keene's Appeal.]

The case, so far as his right to call for an account is concerned, might rest here. But he seems also to be contingently interested as well in the legacy of $10,000 to Henry as also in the residuary bequest. If the fact that Henry is married prevents the limitation over, "if he dies unmarried," from taking effect, yet as by express words "the interest is only to be paid to him during his natural life," it follows that the principal remains and forms part of the residuum. If however this construction should not prevail, then he has the same contingent interest if the limitation over takes effect: "This sum to be divided between his two or one surviving brother and his sister, subject to the same investment and receiving the interest only of the same during their life term." In either way then it must ultimately form a part of the residuum. Then as to this residuum: we have seen that Mrs. Mitchell has but a life interest: "if she dies unmarried she has power to devise it." Whether under the facts this power exists or not, Austin Keene is the owner of a contingent interest in the estate of the decedent. If it exists Mrs. Mitchell may die without exercising it; in that event or if it does not exist, he will be entitled to a share under the intestate laws as one of the next of kin of the decedent—one of the children of her brother James.

　　　　　　Decree reversed, and ordered that the court below grant the prayer of the petitioner and award a citation as prayed, and that the record be remitted for further proceedings.