## Keene's Estate.

*Wills—Construction—Presumption against intestacy—Intestacy.*

Every intendment is to be made against holding a person to die intestate who sits down to dispose of the residue of his property.

In arriving at the intention of a testator, courts do not look with favor upon a construction of a will which leads to an intestacy, and especially is this true where, after having made specific bequests and devises covering a large part of the estate, there is a residuary clause evidencing an intention to dispose of every part of it.

An intestacy is never favored and a construction should not be adopted which leads to such a result if it can be avoided by a reasonable interpretation of the will.

Testatrix gave to a "dear niece" the sum of $30,000. The interest to be paid to her only, whether married or single, during her life, and after her death to her children, if any, absolutely; but if she dies without issue the principal to go to two brothers, naming them, the interest only for their uses; but to their children, lawful issue, absolutely. "But if she marries without my consent then this devise shall be null and void, and she shall receive only ten thousand dollars subject to the same investment, etc. . . . The residue of my estate real and personal, I give and bequeath to my dear and affectionate niece, subject to the same conditions as my legacy of thirty thousand dollars, specified in a former part of this instrument, the principal to be invested in ground rent or in the bank stock considered safe, but preferable in bond and mortgage on real estate, the interest to be enjoyed by her during her life, the principal to devolve to her children, lawful issue absolutely; if she dies unmarried she has power to devise it to whichever of her brothers she will consider most worthy to inherit her bequest and mine,

the interest only to them, to their children, lawful issue, absolutely."
The niece died without issue and without having exercised the power of
appointment. *Held*, that the principal of the residue of the estate went
to the children, lawful issue of the two brothers, who took the thirty
thousand dollar legacy absolutely. In such a case the word "condi-
tions" as used in the residuary clause is to be construed to mean the
same provisions under which the niece took the legacy of $30,000.

The final determination of the rights of the ultimate residuary lega-
tees was not decided by the Supreme Court in Keene's Appeal, 60 Pa.
504; Austin Keene's Appeal, 64 Pa. 268, or in Brock's Appeal, 1 Penny-
packer, 36, and is therefore not res adjudicata.

Possible beneficiaries in the event of a discretionary testamentary
power being exercised in their favor can claim no rights as cestuis. que
trustent before the exercise of the power.

Argued Jan. 13, 1908. Appeal, No. 270, Jan. T., 1907, by
Eli Kirk Price, Executor of Ellen Mitchell, deceased, and the
Keene Home, residuary legatee under her will, from decree of
O. C. Phila. Co., Jan. T., 1882, No. 304, dismissing exceptions
to adjudication in Estate of Sarah Lukens Keene, deceased.
Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, EL-
KIN and STEWART, JJ. Affirmed.

Exception to adjudication.

From the adjudication it appeared that the testatrix died
May 11, 1866, leaving a will dated November 18, 1843, duly
probated, whereby, after making certain specific bequests to
her niece, Ellen Keene (afterwards the wife of Dr. S. B. Wylie
Mitchell), she provided as follows : "I also bequeath to this
dear niece (the only surviving daughter of my brother, Jesse
Lukens Keene, deceased), whom I have educated, the sum of
thirty thousand dollars, to be invested in ground rents, or
bonds and mortgages on real estate, the interest to be paid to
her only, or her power of attorney, whether married or single,
during her life, and after her death to her children, if any, ab-
solutely ; but if she dies without issue, the principal to go to
her brothers, Henry and James, namely, the aforesaid invest-
ment of thirty thousand dollars in ground rents and bonds
and mortgage, the interest only for their uses; but to their
children, lawful issue, absolutely. But if she marries without
my consent, or after my death, to any person whom I did
not approve during my life, then this devise shall be null and

void, and she shall only receive ten thousand dollars, subject to the same investment of ground rents or bond and mortgage, the interest only to be paid to her alone, or her power of attorney, and after her death to her children absolutely. I have made this clause, not from any fear of its probable necessity, but from prudence and precaution. If she dies without lawful issue, this sum to go to her brothers in the same manner as specified above in the larger sum."

The residuary clause of the will is as follows : " The residue of my estate, real and personal, I give and bequeath to my dear and affectionate niece, Ellen Keene, subject to the same conditions as my legacy of thirty thousand dollars specified in a former part of this instrument, the principal to be invested in ground rents or in the bank stock considered safe, but preferable in bond and mortgage on real estate, the interest to be enjoyed by her during her life, the principal to devolve to her children, lawful issue, absolutely ; if she dies unmarried, she has power to devise it, to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely."

The testatrix was survived by her niece, the said Ellen Keene, who had married Dr. Mitchell in her aunt's lifetime and with her approval, two nephews, Henry Edgar Keene and Lenox R. Keene, brothers of Mrs. Mitchell, and six children of another nephew, James Bryden Keene, a deceased brother of Mrs. Mitchell.

The two surviving brothers died in the lifetime of Mrs. Mitchell, Henry without issue, Lenox leaving two children, both of whom also died in Mrs. Mitchell's lifetime, one leaving issue who survived her.

All the children of her brother James also died in her lifetime, but some left issue still living.

Mrs. Mitchell survived her husband and died without issue February 12, 1905, and without being able to exercise her power of appointment of the residue of her aunt's estate, which limited her selection to her brothers and their children, all of whom had died in her lifetime, but leaving a will, upon which letters testamentary were granted to Eli Kirk Price, the executor therein named, and whereby, after making sundry spe-

cific bequests, all of which have been paid, she left the residue of her estate to the Keene Home, a charity created by another provision of her aunt Sarah Lukens Keene's will.

Upon Mrs. Mitchell's death her executor filed an account of her administration of the residue of Sarah Lukens Keene's estate, of which she had "enjoyed" the "interest" "during her life," as provided in her aunt's will, and at the audit claimed on behalf of the Keene Home, Mrs. Mitchell's residuary legatee, the entire balance for distribution, or, if it should be held that an intestacy of the principal of the residue under Sarah Lukens Keene's will had occurred, a one-quarter interest in the balance as the legal representative of one of the four shares which would have passed to her next of kin at the death of the testatrix.

The auditing judge rejected both claims and awarded the entire net balance for distribution to the issue of James Bryden Keene's children or their legal representatives. Exceptions to the adjudication were dismissed and the adjudication was confirmed absolutely by the court in banc.

*Error assigned* was in dismissing exceptions to adjudication.

*William A. Glasgow, Jr.,* for appellants.—It will be observed that the "conditions" are attached to the gift to the life tenant only and qualify her enjoyment of it. They are not annexed in any way to the property upon its passing to another at the termination of her life estate, so that there appears no adequate reason for converting words of "condition" into words of "limitation" affecting a subsequent estate, contrary to the well-established rules of interpretation and of property.

With this phrase out of the way as a limitation, the residuary clause contains no express gift of the remainder to anyone upon the life tenant's death without issue, and without the possibility of exercising her limited power of appointment by will in favor of her brothers and their children, all of whom died in her lifetime.

The only gift is to the niece for life, "the principal to devolve to her children, lawful issue, absolutely." Then follows the superadded power : "If she dies unmarried, she has power

to devise it, to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely." These words constitute a mere power, which events rendered impossible of exercise, and do not of themselves vest the estate in anyone : Brook v. Brook, 3 Sm. & Giffard's Rep. 280 ; Hawkins on Wills, *62 ; Marlborough v. Godolphin, 2 Vesey, Sr., 61.

The power in the niece of disposing of the uncertain event, " if she dies unmarried," is not an absolute or imperative direction to make an appointment : Hambright's Appeal, 2 Grant, 320 : Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219 ; Brook v. Brook, 3 Sm. & Giffard's Rep. 280.

It will be remembered that the first taker in a will is presumed in law to be the favorite of the testator : McFarland's Appeal, 37 Pa. 300 ; Rewalt v. Ulrich, 23 Pa. 388.

In such cases the gift is to be construed so as to make it as effectual to him or her as possible : Manderson v. Lukens, 23 Pa. 31 ; Wilson et al. v. McKeehan, 53 Pa. 79 ; McClure's Appeal, 72 Pa. 414 ; Fitzwater's Appeal, 94 Pa. 141.

By the use of a word apt for inheritance or legal transmission the testatrix expressed her intent that the children should take through the ancestor by descent and not by purchase : Clark v. Baker, 3 S. & R. 470 ; Nunez v. Fisher, 15 S. & R. 145 ; Potts's Appeal, 30 Pa. 168 ; Potts v. Kline, 174 Pa. 513 ; Shapley v. Diehl, 203 Pa. 566 ; Simpson v. Reed, 205 Pa. 53.

Courts are never disposed to put such a construction upon a will as would be likely to lead to an intestacy : See note 3 to Maberly v. Strode, 3 Vesey, 456 ; Baldwin v. Rawding, 2 B. & Ald. 441 ; Brown v. Higgs, 4 Vesey, 708 ; Hall v. Dickinson, 1 Grant, 240.

George L. Crawford, of Crawford & Loughlin, for appellees.—Every intendment is to be made against holding a person to die intestate, who sits down to dispose of the residue of her property, or where the words of the testatrix will carry the whole : Smith's Ex. Int., sec. 341 ; Maberly v. Strode, 3 Vesey, 456n ; Brown v. Higgs, 4 Vesey, 708 ; Baldwin v. Rawling, 2 B. & Ald. 441 ; Hall v. Dickinson, 1 Grant, 240 ; Steh-

man v. Stehman, 1 Watts, 466 ; Axford's Est., 2 W. N. C. 663, and other cases, especially where the residue is of the testatrix estate, as here.

Opinion by Mr. Justice Elkin, May 11, 1908 :

In 1843, Sarah Lukens Keene, an intelligent and discriminating person, being possessed of an ample fortune, made a will, wrote it herself, disposing of her estate, consisting of real and personal property. She died in 1866, and her will was in due time admitted to probate. It has been the cause of much litigation as will appear by reference to our own cases, which show that in one form and another questions involving the real or supposed rights of persons directly or contingently interested in its provisions have arisen in three different proceedings. It was suggested at the argument that the question now raised had already been decided by this court in the former cases, and is therefore res adjudicata. We have concluded, however, after a careful examination of our former cases, that the construction of the residuary clause as it affects the ultimate interests of legatees was not before the court for consideration, and nothing decided in those cases is conclusive of the rights of the parties here. It is true that some of the views expressed by the learned justices who wrote the opinions in the former cases relate to the construction of the residuary clause, but nothing therein decided was intended to be a final determination of the rights of ultimate residuary legatees. That the question now raised is a close one, not free from difficulty, and that the clauses of the will under consideration are susceptible of several different interpretations, radically differing in results, is made apparent by a review of the decisions of this court, the opinions of the courts below, and the argument of learned counsel in dealing with this subject. In Keene's Appeal, 60 Pa. 504, the only question decided was that the petitioner, who claimed to have a possible or contingent interest under the will, had no such present interest, immediate or remote, as to give him standing to require an accounting and settlement of the estate. This case was decided in 1869, at which time Mr. Justice Agnew, forecasting the difficult questions that might subsequently arise, but nothing in that case demanding their decision then, in delivering the opinion of the

court, said : " It is not necessary that we should determine the rather difficult question what ultimate interest in the estate of Sarah L. Keene, the appellant, might take under the will."

In Austin Keene's Appeal, 64 Pa. 268, the petitioner taking advantage of the act of 1869, passed after the opinion in the former case had been handed down, and evidently intended to give relief from the consequences of that decision, filed his petition, as an alleged owner of a contingent interest in the personal property of the testatrix, asking for a citation requiring the executrix to file an account. The court below dismissed the petition and refused the citation. On appeal this court reversed the decree of the court below and in doing so pointed out that under the act of 1869, which in terms gave the owner of any contingent interest in the personal property of a decedent the right to require an accounting, the petitioner had a standing to ask for a citation for this purpose. The only question before the court in that case was whether under any of the provisions of the will, the petitioner had such a possible contingent interest as to give him standing under the act to require an accounting. It was decided that he had, and in arriving at that conclusion the court reviewed the situation as it then appeared, freely discussing several possible contingencies that might arise, but did not undertake to finally determine the ultimate interests of the residuary legatees. Mr. Justice SHARSWOOD, who delivered the opinion of the court in that case, and whose views on any question of law are always entitled to most respectful consideration, did discuss many contingencies that might arise in the final distribution of the estate, and suggested that if Ellen Keene Mitchell should die without issue or without exercising the power of appointment, which she did, there would be an intestacy as to the residuum which would go to the next of kin. It is clear, however, that this was intended only as an expression of opinion on the possible and probable interpretations of the residuary clause when that question should arise and was not intended to be a final conclusive determination of the rights of the parties either presently or remotely interested.

In Brock's Appeal, 1 Pennypacker, 36, a different question arose, although incidentally the interpretation of the will was involved. Certain real estate of which Sarah Lukens Keene,

the testatrix, died seized, was situate in Blair county, and the surviving executrix as testamentary trustee under a decree of of the orphans' court of that county sold the same under the act of 1853. Upon a distribution of the proceeds arising from that sale several claimants appeared, among others, Brock, who claimed a right to participate in the distribution. His claim arose in the following manner : Henry Edgar Keene, a nephew of the testatrix, and brother of Ellen Keene Mitchell, died in 1875, never having had any children, and no doubt, acting on the theory that inasmuch as these lands had not been specifically devised in the will of his aunt, there was as to that particular real estate an intestacy, he therefore by will devised his interest therein as an absolute estate to his wife, who subsequently conveyed the same in fee to Brock. Counsel for Brock contended that the testatrix died intestate as to these lands, and that his predecessor in title, Henry Edgar Keene, in the distribution inherited as next of kin a one-fourth interest in them. The learned court below, President Judge Dean presiding, held that there was no intestacy, disallowed the claim of Brock and awarded the fund to the children and issue of Lenox R. Keene and James Bryden Keene. Why the fund was awarded to the children and issue of the two brothers named does not appear in the report of the case and we have no means of knowing why these particular children were awarded the fund. The case turned on the right of Brock to participate and not on questions arising between the Keene heirs. On appeal, this court, affirming the court below, said : " The language of the will limiting the interest of Henry E. Keene to a life estate is sufficiently clear. The fund in contention is disposed of in the residuary clause. Henry's interest being thus restricted, he had none in the residuary estate to devise to his wife and she none to assign to appellant." As the situation then stood it was determined that there was no intestacy as to the real property of the testatrix, certainly none arising from failure to specifically devise the real estate in question, and that the entire estate, not specifically bequeathed or devised, passed into the residuum to be disposed of under the residuary clause. While this case is authority for the proposition that the estate of the testatrix was disposed of by her will either in specific bequests and devises, or

by passing into the residuum, and is strongly persuasive that an intestacy could not occur under the provisions of the residuary clause, yet that exact question was not before the court, and was not, therefore, finally decided. We are now confronted with the precise "difficult question" suggested in Keene's Appeal, in 1869, discussed but not decided in Austin Keene's Appeal in 1870, and considered but not finally determined in Brock's Appeal in 1881. What did the testatrix mean when she said in the residuary clause of her will : "The residue of my estate, real and personal, I give and bequeath to my dear and affectionate niece, Ellen Keene, subject to the same conditions as my legacy of thirty thousand dollars, specified in a former part of this instrument, the principal to be invested in ground rent or in the bank stock considered safe, but preferable in bond and mortgage on real estate, the interest to be enjoyed by her during her life, the principal to devolve to her children, lawful issue absolutely ; if she dies unmarried she has power to devise it to whichever of her brothers she will consider most worthy to inherit her bequest and mine, the interest only to them, to their children, lawful issue, absolutely"? While the question involved here grows out of a distribution of the personal property in the residue of the estate and depends largely upon the construction of the residuary clause, yet there are other clauses which must be taken into consideration in arriving at a proper construction of the residuary clause.

Four different constructions are suggested as possible under these clauses of the will : First, that an absolute estate vested in the favorite niece, Ellen Keene Mitchell ; second, that Ellen Keene Mitchell took a life estate with remainder to her children, if any, and on her death without issue, and without exercising her power of appointment, to the children of all three of her brothers, Henry, James and Lenox, appointees of the power ; third, on the death of Ellen Keene Mitchell, without issue and without having been able to exercise the power of appointment, there was an intestacy as to the remainder ; and fourth, as giving Ellen Keene Mitchell a life estate in the residue with remainder to her children, if any, absolutely, and on her death without issue, and without having exercised the power of appointment, or being unable to do so on account of

marriage, to the children of Henry Keene and James Keene, two brothers of Ellen Keene Mitchell and the legatees named in the prior clause of the will, to which reference was made by testatrix in the residuary clause. The first suggestion is not tenable. In terms the legacy of $30,000 and the bequest of the residuary estate is given to Ellen Keene Mitchell for life, and it is expressly provided that only the interest shall be paid to her, no matter whether married or single, during her life, and at her death it was to go to her children absolutely. The reasons suggested by Mr. Justice SHARSWOOD in Austin Keene's Appeal, amount to a demonstration that under our authorities Ellen Keene Mitchell only took a life estate, and to this can be very pertinently added what was said by Judge PENROSE of the orphans' court who delivered the opinion of the court in banc in the present case, wherein it is stated: " With regard to the suggestion that the niece, under the gift to her of a life estate and at her death to her lawful children (" children, lawful issue ") took the entire estate, but little need be said, for, apart from the fact that the Supreme Court has already decided to the contrary, as her life estate was equitable and that to her children legal, the two would not coalesce even if the remainder had been to heirs or issue (Boyd's Estate, 199 Pa. 487); and if both had been legal or both equitable, the words " children, lawful issue, " are words of purchase, which are not to be changed into words of limitation by the use of the word " devolve" which precedes them, a word very different from the word " descend, " which implies an estate of inheritance in the parent.

We find no authority to support the second proposition. This position assumes that the power of appointment in favor of the brothers and their children amounted to a trust in favor of the possible appointees, but certainly this cannot be the law, for, the power was only to be exercised in the event of Ellen Keene Mitchell dying unmarried and was not an absolute imperative direction to make an appointment, and even if she remained unmarried, under the power she could designate " whichever of her brothers she will consider most worthy to inherit her bequest and mine." It would seem necessarily to follow that possible beneficiaries in the event of a discretionary power being exercised in their favor can claim no rights

as cestuis que trustent before the exercise of the power.  In
the present case the power was never exercised and no rights
vested in possible contingent beneficiaries under an unexer-
cised discretionary power of appointment.

As to the third proposition it has been well said that "every
intendment is to be made against holding a person to die in-
testate who sits down to dispose of the residue of her prop-
erty." In arriving at the intention of a testator, courts do not
look with favor upon a construction of a will which leads to
an intestacy, and especially is this true where, after having
made specific bequests and devises covering a large part of the
estate there is a residuary clause evidencing an intention to
dispose of every part of it.  An intestacy is never favored
and a construction should not be adopted which leads to such
a result if it can be avoided by a reasonable interpretation of
the will.  In the present case we think the testatrix did not
intend to die intestate as to any part of her estate.  She seems
to have thought of and arranged for every possible contingency
that might arise.  Her intent is clearly manifested in the be-
quest of $30,000 to her niece, and a similar disposition of the
residuum is made apparent without doing violence to any of
the words used.  As to the $30,000 legacy she provides that
the interest shall be paid to her niece during life and after her
death it was to go to her children, if any, absolutely.  Her
first concern was for the comfort of her favorite niece which
she undertook to provide for by giving her the income of
$30,000.  At the time of the execution of the will the niece
was unmarried, and, the aunt anticipating her marriage, and
desiring to provide for her children, if any, gave them the ab-
solute estate upon the death of the niece.  She did not stop
here, but foreseeing that her niece might die without issue,
the testatrix provided for that contingency by giving the in-
come to her brothers, Henry and James, during their lives
and the principal was to go absolutely to their children.
Again, in order to take care of another contingency, the tes-
tatrix provided that the niece if she married without the con-
sent of the aunt, should only have the income of $10,000 and
in that event the disposition of the $10,000 was to be the same
as of the larger sum.  Here, then, is presented a case in which
an intelligent testatrix by her will has provided for almost

every possible contingency that might subsequently happen, every part of which shows an intent to dispose of the $30,000 absolutely. When this testatrix comes to dispose of her residuary estate, keeping in mind her favorite niece for whom she manifests great affection, and still desiring to more bountifully care for her, she provides that the residue of her estate, real and personal, shall be enjoyed by the niece "subject to the same conditions as my legacy of $30,000 specified in a former part of this instrument." It seems perfectly clear that the testatrix in providing for her niece had in mind not only the legacy of $30,000 but the residuary estate as well, and that it was intended the residuary estate should be held and enjoyed by the niece subject to what she terms the same "conditions" as those under which she took the former legacy. We concur with the learned court below in the view that the word "conditions" in the residuary clause was not a technical term, but was used in its popular sense as signifying provisions, or in the same manner. Such a construction gives effect to every part of the will, avoids an intestacy, does no violence to the language used and in our opinion carries out the manifest intention of the testatrix. It must not be overlooked, as suggested by the learned court below, that the word "conditions" is used in the plural, not in the singular, and this is significant as an answer to the contention of the learned counsel for appellant wherein it is said the only condition upon which the niece took the $30,000 legacy was that she should not marry without the consent of the testatrix. When the testatrix used the word "conditions" she meant more than one condition and, in our opinion, clearly indicated thereby an intention to couple the residuary bequest with all the "conditions," that is to say, all the provisions contained in the former clause of the will to which it referred.

As to the fourth proposition we concur in the conclusion reached by the auditing judge which was affirmed by the court in banc, and that is that Ellen Keene Mitchell took a life interest in the residuary estate, subject to the same "conditions" which we construe to mean the same provisions as she took the legacy of $30,000, and the niece having died without issue and without having exercised the power of appointment, the principal went to the children, lawful issue of her

brothers, Henry and James, or to the issue of the survivor of them or their legal representatives absolutely.

Decree affirmed.