## Kenworthy's Estate.

*Wills—Construction—Rule against intestacy—Life estate—Provision for widow of son—Equality of distribution.*

1. An intestacy is never favored, and a construction should not be adopted which tends to such a result if it can be avoided by a reasonable interpretation of the will.

2. A will should be construed to give a life estate to a widow of a son in a trust fund created for the benefit of the son, where a reasonable interpretation of the will considered as a whole favors such construction.

3. There is a presumption that testator intended equality of distribution among his beneficiaries.

Argued January 11, 1921. Appeal, No. 95, Jan. T., 1921, by Ella Acuff, from decree of O. C. Phila. Co., Oct. T., 1917, No. 351, dismissing exceptions to adjudication in estate of John Kenworthy, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J. See 29 Pa. Dist. R. 434.

Item 8 of the will of John Kenworthy is as follows:

"After the death of my said wife, I direct that onefifth of the net income of my said estate shall be paid by my trustees unto my son Reuben Kenworthy for and during the full course of his natural life, if my said son Reuben shall be living at the death of my wife, Ellen Kenworthy.

"In case my said son Reuben Kenworthy shall not be living at the death of my said wife, but leaves his widow Lida Kenworthy him surviving, then the said income shall be paid by my trustees to his said widow

Lida Kenworthy during the full course of her natural life or widowhood.

"In case my said son Reuben Kenworthy should die before the death of my said wife Ellen, leaving children, and subject to the provisions made for the widow of my said son, Reuben Kenworthy, I direct that the principal of the said one-fifth share shall be divided among the children of my said son, Reuben Kenworthy, who may be alive at the time of the death of his widow or the re-marriage of said widow, share and share alike. If any of said children shall be minors, my trustees shall hold their shares in trust until they reach their majority, applying so much of the income of their share as may be necessary for their proper maintenance, support and education.

"Should my said son Reuben Kenworthy die leaving no children as above set forth, then the principal of the said one-fifth part, after the death or remarriage of his widow, shall revert to and become a part of my residuary estate.

"During the lifetime of my said son Reuben and during the widowhood of his said wife, they and each of them shall have the right and privilege to occupy the house in which they now reside they paying the taxes, water rent and repairs. And if they so conclude to occupy the said house, then there shall be deducted from their share of the said income the sum of five hundred dollars a year, being the interest on ten thousand dollars at five per cent, ten thousand dollars being the value I placed upon said house.

"In case they or either of them at any time shall conclude not to occupy the said house, then the rent received from said house shall go to and become part of my residuary estate.

"At any time my son Reuben Kenworthy shall have the right and privilege to purchase said house from my trustees for the sum of ten thousand dollars, upon such

terms as my said trustees shall deem fair and equitable, with lot 60 feet by 160 feet."

The opinion of the Supreme Court quotes the fourteenth item, and states other provisions of the will and the facts of the case.

The court in an opinion by GUMMEY, J., dismissed the exceptions. Ella Acuff, daughter of testator, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*James C. Wobensmith* and *Paul Reilly,* for appellant. —Reuben's widow took a life estate: Hancock's App., 112 Pa. 532; National Live Stock Bank v. Hartman, 8 Pa. Superior Ct. 170; Allshouse's Est., 23 Pa. Superior Ct. 146; Line's Est., 221 Pa. 374; Graham v. Flower, 13 S. & R. 439; Stickle's App., 29 Pa. 234; Varner's App., 87 Pa. 422; Zerbe v. Zerbe, 84 Pa. 147; Hoyt's Est., 236 Pa. 433; Marshall's Est., 147 Pa. 77.

Grothe's Est., 229 Pa. 186, is directly in point both on the question of intestacy and following the strict language of the will, and in that case comment is made on the rule with reference to disinheriting heirs only by plain words or necessary implication. See also, Thompson's Est., 229 Pa. 542; English's Est., 242 Pa. 545; Heck v. Burgen, 268 Pa. 261.

*A. Culver Boyd,* for appellees, cited: Keene's Est., 221 Pa. 201.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

John Kenworthy died on July 6, 1916, having made a will, which was duly probated; practically the entire estate was given to his executors, in trust for the benefit of his wife for life, and, upon her death, provision was made for a division amongst five children. We are at present concerned only with the share allotted to the family of Reuben, one of the sons.

Ellen Kenworthy, the widow, died on October 16, 1916. Reuben survived his mother, and died later, without issue, leaving a widow, Lida; item 8 of the will makes provision for the distribution of his share under various contingencies, but no express disposition appears in the event of the son surviving the mother, which has actually occurred, unless it be found in paragraph four. The sole question before the court below (and now considered on appeal) was the effect to be given to the will as a whole in determining the share, if any, which the widow of Reuben takes under the circumstances set forth.

The direct disposition of the one-fifth share set aside for Reuben's benefit gave him a life interest in this portion of the residuary estate upon the death of his mother, and paragraph two of item 8 directed that the son's wife be given the life income of his share in the event of her husband predeceasing his mother, a condition which did not occur. Other paragraphs of the same item make disposition of Reuben's portion, should children be left, under like circumstances; the contingency of death without children is likewise provided for, and, in the section making such provision, the right to a life estate by the wife of Reuben is recognized.

To hold that the words used by testator indicate only death without children during the lifetime of his widow, by reason of the use of the phrase "as above set forth," is a strained construction, which does not conform to the evident purpose expressed throughout, to provide for the wives of his respective sons. Further mention is made of the wife in paragraph five, item 8, giving to the husband and wife the right to occupy the residence during their lifetime, with the right to purchase at a fixed price; this privilege, granted not only to the son but to the daughter-in-law, during her possible widowhood, is significant of the intent of the testator to provide for the latter.

A consideration of the whole item, taken in connection with other portions of the will, leads to the con-

clusion that it was in the mind of the testator that the one-fifth portion of this estate should be held for the benefit of Reuben's family, including the widow, during her natural life, or widowhood; such was the controlling thought in the disposition of the shares of the estate set aside for the other sons, for the widows of whom provision was made in the case of their death before their mother. In their cases, however, there was no necessity for further direction, because at that time the absolute estate passed to these sons; whereas, in the case of Reuben, the first taker received the income alone for life. That each child should have the use of one-fifth of the estate for the benefit of his or her family, whether son or daughter, seems clear; and it was only in case of the extinction of the particular branch that the principal was to pass to the surviving brothers and sisters. There is a presumption that the testator intended equality of distribution among his beneficiaries.

Any serious doubt of the testator's intention is removed by a consideration of the fourteenth item, which provides for the disposition of any of the five shares which might revert ultimately to the residuary estate, and by which it is directed that such portion shall be divided among the surviving children, "or any widow of any of my sons, or any child or children of any of my deceased sons or daughters who shall be living at that time, in the same manner as is provided herein for their original share, it being my intention that the widow of any of my sons or the child or children of any of my deceased sons or daughters shall take in said distribution only the proportional share that their husband or parent would have taken if living."

The trustees of the estate filed an account of the trust created for the benefit of Reuben, and the orphans' court awarded the income to his widow. A sister, the present appellant, filed exceptions, insisting that under the terms of the will there was an intestacy, which contention was negatived. As was said by this court in Keene's

Est., 221 Pa. 201, 211: "In arriving at the intention of a testator, courts do not look with favor upon a construction of a will which leads to an intestacy, and especially is this true where, after having made specific bequests and devises covering a large part of the estate, there is a residuary clause evidencing an intention to dispose of every part of it. An intestacy is never favored and a construction should not be adopted which leads to such a result if it can be avoided by a reasonable interpretation of the will."

In the will before us, it is manifest that the testator intended to dispose of his entire estate. Not only is provision made for the placing of all of the residue in trust for the benefit of the wife; but, subsequently, a second residuary clause is added by which any portions reverting to the estate were disposed of. Counsel for the appellant have cited many cases which, on examination, are found to be decisions construing wills where there was no residuary clause, or where the avoidance of intestacy required the admission of extrinsic evidence to show intention. In others, the words as written clearly indicated the purpose of the testator as found by the court, and the legal principles enunciated are not in conflict with the conclusion here reached.

The assignments of error are overruled, and the decree of the court below is affirmed, the costs of this appeal to be paid by the appellant.