## Smyth Trust

*Greenwell, Porter, Smaltz & Royal,* for accountant.
*Rankin & Rankin,* for Margaret Conklin, beneficiary.

*John R. Graham, Arthur C. Dorrance,* and *Barnes, Dechert, Price, Myers & Rhoads,* for estate of John T. Conklin, deceased.

VAN RODEN, P. J., May 18, 1959.—Exceptions to portions of the adjudication of the court, dated March 2, 1959, have to do with the interpretation and construction of certain portions of the deed of trust by which this estate was created and which is presently before the court by virtue of an account filed by the surviving trustee of the said trust fund.

The pertinent provisions of the deed of trust which require our construction at this time as a result of the exceptions filed to portions of the said adjudication of March 2, 1959, are as follows:

Settlor, by the aforesaid deed dated May 9, 1913, created the trust by the terms of which:

1. The income should be paid to settlor for his life;
2. Upon his death, the principal was to be paid to settlor's two daughters, Marion S. Bettison and Frances S. Conklin, absolutely, provided they were then in proper physical and mental condition to receive and manage said principal;
3. In the event said principal was not paid to said daughters during their lifetime, upon the death of each one, her share was to be paid to her "child or children" in equal shares absolutely.

Upon settlor's death on February 26, 1919, one-half of the principal was distributed to his daughter, Marion S. Bettison. The remaining one-half was continued in trust for the benefit of the other daughter, Frances S. Conklin, whom the trustees believed to be mentally unfit to receive and manage the same.

Frances S. Conklin died on August 16, 1958, as a result of which the trust terminates. Frances S. Conklin had two children, Margaret Conklin and John T. Conklin, both of whom were living at the time the

deed of trust was executed. John T. Conklin prede-
ceased his mother, having died a resident of Connecti-
cut, on April 23, 1957, and his widow, Aina Ellen
Conklin, was appointed as executrix of his estate.
Margaret Conklin survives.

Counsel for Margaret Conklin contends that she is
entitled to receive the entire amount of principal under
the provisions of the deed of trust, together with income
accrued since August 16, 1958.

The reasoning in support of this contention is: "(1)
That according to the phraseology of the trust instru-
ment Frances S. Conklin had a contingent remainder
interest in the fund; and (2) that the key phrase
"child or children" in the deed of trust indicates that
by the use of the word "child," the settlor contemplated
that there might be only one taker.

We apprehend that there are only two theories on
which Margaret Conklin can base a claim of entitle-
ment to the entire principal balance. These are: (1)
The income beneficiary, Frances S. Conklin, had a
right to the trust principal, and on her death this right
passed to her estate and thence to Margaret Conklin
as sole heir under the intestate laws; or (2) The terms
of the trust created contingent remainders in the sense
that the estate of a remainderman who did not sur-
vive the income beneficiary was not entitled to share
in distribution.

With reference to the first of these theories, it should
be noted that counsel for Margaret Conklin as well
as counsel for the estate of John T. Conklin, deceased,
both agreed that settlor created a contingent re-
mainder. Therefore Frances S. Conklin had no right
to receive the principal of the trust. It might be noted
that the Pennsylvania cases draw a clear line between
those instances in which a trustee is given absolute
discretion as to whether any principal, or income, is
to be paid to a beneficiary at any time, and those in

which a trustee's discretion is limited to a determination of the time at which the beneficiary shall receive a distribution to which he or his estate is ultimately entitled in any event. In the former situation, the beneficiary has no incidents of ownership, nor does his estate: Lochrie's Estate, 340 Pa. 145, 153 (1940); Kelley's Estate (No. 1), 253 Pa. 466, 469 (1916); Thompson's Estate, 38 D. & C. 503 (1940); A. L. I. Restatement of the Law of Trusts 2d, §128(d).

Since Frances S. Conklin had no right to any part of the principal during her lifetime, her estate acquired no right to it after her death. The deed specifically states that following her death, any undistributed principal shall be distributed to her child or children in equal shares absolutely. Under these circumstances it is clear that Frances S. Conklin's estate, and her heir, have no interest in the principal of this trust.

The pertinent question to be decided, therefore, is whether the remainder is contingent or vested, and if vested as to what time. Counsel for Margaret Conklin presented a most able argument in support of his contention that the remainder was contingent, citing McCreary Trust, 354 Pa. 347 (1946), as well as Keene's Appeal, 64 Pa. 268 (1870), and other authorities which need not be discussed at this time. To summarize his position, he argues that one of the key phrases in these deeds of trust, it was repeated in both, is *"child or children."* He points out that at the time of execution, both Margaret and John were in existence; Margaret was seven years old and John was five; in the use of the word "child" the grantor contemplated that there might be only one taker. One might necessarily drop out.

He concludes by stating that the only rational explanation of the phrase "child or children" is that Mr. Smyth meant the child or children in existence on the death of Frances, and this turns out to be Margaret.

However, after very careful consideration of this able argument, we have concluded that we cannot arrive at the same conclusion.

The use of the phrase "child or children," considered together with the other wording contained in the deed of trust, cannot be interpreted as determining that the time of the death of Frances S. Conklin is the logical time to establish the identity of any further takers, as proposed by counsel for Margaret Conklin.

There are a number of decisions in which the phrase "child or children" has been used. Although these cases deal with the provisions of wills rather than with deeds of trust, they are in accord with our conclusions and are cited as following the same rule of construction: Patterson's Estate, 247 Pa. 529 (1915); Kelso v. Dickey, 7 W. & S. 279 (1844); Groninger's Estate, 268 Pa. 184 (1920); Hinkson v. Lees, 181 Pa. 225 (1897).

The case of Metzgar Estate, 395 Pa. 322, which is annotated in the Fiduciary Review for April 1959, appears to have been decided upon similar reasoning.

The chief object of our inquiry is to ascertain the intention of settlor of this trust estate, primarily from the language used and by the application of the generally accepted interpretation of certain phrases therein, such as "child or children."

Primarily, we should heed the admonition as stated in Weir's Estate, 307 Pa. 461 (1932), at pages 468 and 469:

"In this connection it is necessary to keep in mind the rule 'that an interest is to be construed contingent only when it is impossible to construe it as vested' . . . 'The presumption that a legacy was intended to be vested, applies, with far greater force, where a testator is making provision for a child or a grandchild, than where the gift is to a stranger or to a collateral relative.' "

Also, McCauley's Estate, 257 Pa. 377 (1917), at pages 380 and 381:

". . . what is required in such case is not that the words of the will admit of a possible or even a reasonable inference that the testator intended a contingent remainder, but that such intention should appear plainly, manifestly and indisputably."

Finally, there is the well-settled canon that the absence of a gift over is a significant and important fact which strongly indicates an intention to make a vested rather than a contingent gift. Brumbach Estate, 373 Pa. 302 (1953), at page 306.

It is clear that the words used in the deed of trust in the instant case created transmissible remainders, with the result that the estate of John T. Conklin became entitled to distribution upon his failure to survive the income beneficiary (his mother).

In the brief furnished by counsel for the estate of John T. Conklin this proposition is so well expressed that we take the liberty of quoting therefrom, at page 5, as follows:

"As the Court pointed out in the leading case of the Estate of *Rebecca Moss*, 80 Pa. Super. 323 (1923), much of the apparent confusion in the cases dealing with the qualities of trust remainders has stemmed from an uncritical use of the term 'vested'—on some occasions to mean *indefeasible*: on others to mean *transmissible*. We do not contend that John T. Conklin's remainder interest was vested in the sense that his right to receive it was indefeasible, since that right could have been defeated if the trustees exercised their discretion to distribute the principal during the lifetime of the income beneficiary. However, we do maintain that it was vested in the sense that it was transmissible to the Estate of John T. Conklin upon his failure to survive the life tenant. In the interest of clarity we will hereafter use 'transmissible" instead

of 'vested' in describing the quality possessed by the remainder interest of John T. Conklin."

The opinion of Penrose, J., in Brooke's Estate, 214 Pa. 46 (1906), at page 48, affirmed per curiam by the Supreme Court, contains a clear statement of the circumstances in which a remainder interest is transmissible to a remainderman's estate, as follows:

". . . unless the contingency is one which affects the capacity to take, a contingent remainder or other contingent interest is transmissible, even though not, in the technical sense, vested: Gray on Perpetuities, sec. 118; and hence it will pass in case of death before the happening of the event upon which it is dependent, to the heirs or devisees of the remainderman so dying."

As a result of careful consideration of the able arguments of counsel for the respective parties, and a review of the judicial decisions which seem to be pertinent, as well as a critical analysis of the wording used by settlor in the deed of trust, the court holds that the language of the trust instrument must be interpreted to mean that settlor did not intend to create a vested interest in the principal of the estate in the daughter, Frances S. Conklin.

The court further holds that John T. Conklin, the son of Frances S. Conklin, did have a vested or a transmissible interest in one-half of the remainder at the time of his death and that the other child of the life tenant, Margaret Conklin, had a similar vested or transmissible interest in the other half of the remainder.

For the foregoing reasons it is hereby

### Ordered and Decreed

1. The exceptions to the adjudication dated March 2, 1959, be and are hereby dismissed.

2. The adjudications dated March 2, 1959, as well as the account of the trustee, are hereby ratified and confirmed absolutely and distribution will be made

to the parties in accordance with the awards contained therein.

3. An exception is allowed to the exceptant.