## Reilly, Appellant, *v.* Kerestes.

*Will—Devise — Marriage of devisee — Intestacy — Presumption against intestacy.*

Where a testator devises a house and lot to his son, and further provides that "the house and lot he will get whenever he gets married," without any limitation over, the son takes an estate in fee simple in the house and lot. The marriage was not a condition precedent to the vesting of the fee.

A presumption arises from the execution of a will that the testator did not intend to die intestate as to any part of his property.

Argued March 6, 1918.   Appeal, No. 49, March T., 1918, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T. 1917, No. 362, for defendant on case stated in suit. of Ellen Reilly *v.* John Kerestes.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Case stated to determine marketable title to real estate.   Before STRAUSS, J.

The facts agreed upon in the case stated are summarized in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on case stated.

*W. J. Trembath,* for appellant.—Testator's first words are apt for the disposition of his entire estate, and indicate legally such an intention.   "As to such estate as it hath pleased God to entrust me with, I dispose of the same as follows:—" are proper words to indicate an intention to dispose of the whole estate: Geyer v. Wentzel, 68 Pa. 84; Miller's App., 113 Pa. 459.

There is no devise over, no words of limitation, but the whole frame of the will indicates an intention to dispose of the whole estate.   This intention, once ascertained, must control: Schuldt v. Herbine, 3 Pa. Superior Ct. 65; Roland v. Miller, 100 Pa. 47; Heck's Est., 170 Pa. 232; Gillmer v. Daix, 141 Pa. 505.

When the form of limitation indicates an intent merely to delay the vesting in possession or enjoyment, the interest of the legatee or devisee will be vested: Hess v. Hess, 67 Pa. 119; Manderson v. Lukens, 23 Pa. 31; Pennock v. Eagles, 102 Pa. 290; Hyde v. Rainey, 233 Pa. 540.

*R. B. Sheridan,* with him *John Menovsky* and *M. F. McDonald,* for appellee, cited: Holbrook's Est., 213 Pa. 93; King's Est., 205 Pa. 416; Campbell v. McDonald, 10 Watts 179; Hess v. Hess, 67 Pa. 119.

OPINION BY WILLIAMS, J., July 10, 1918:

In a case stated the following facts appear: Cornelius Reilly died July 2, 1876. His will provided, inter alia: "As to such estate as it hath pleased God to intrust with me, I dispose of the same as follows, viz: To my son, James Rielly, I give and bequeath one house and lot, the same now occupied by John Evers,......... The house and lot he will get whenever he gets married........"

James took possession of the house and lot. He died, unmarried, February 2, 1913, and by will devised the house and lot to his sister, Ellen. She agreed to sell to John Kerestes, and he having refused to take a defective title, this issue was framed and the court gave judgment for defendant.

Did an estate in fee vest in James Reilly under the will of his father?

The first sentence of the clause, cited supra, gives an estate in fee simple, and the subsequent words cannot be permitted to weaken it. There is no limitation over, and if the will does not give a fee there will be an intestacy. A presumption arises from the execution of a will that the testator did not intend to die intestate as to any part of his property: Miller's App., 113 Pa. 459, and words of limitation will not be construed to create an executory devise if they can create a remainder, nor a contingent remainder if they can create a vested one, nor as giving a defeasible estate if they can give an absolute one: Manderson v. Lukens, 23 Pa. 31.

The testator did not intend to make the marriage of James a condition precedent to the vesting of the fee in him and there is no indication of lack of trust in his capacity to handle the property. The language shows merely an intention to temporarily postpone the enjoyment of the estate devised.

The judgment is reversed and the record remitted to the court below with direction to enter judgment for plaintiff.

HEAD, J., dissents.