## Little's Estate.

*Wills—Construction—"Die without issue"—Intention of testator.*

A testator by the third paragraph of his will devised a certain property to "Mary Jane Moyes, her or her heirs." By the fourth paragraph certain properties were devised to Elizabeth Little Moyes. The fifth paragraph provided "Should Mary Jane Moyes die without issue, the property left to her is to go to her sister, Elizabeth Little Moyes, but if Mary Jane Moyes should live to be old without issue, she could dispose of the property for her maintenance in her old age."

*Held:* That the third paragraph of the will vested a fee in Mary Jane Moyes.

If the language of a will be not clear, its construction should be in favor of the first rather than the second taker; of a general or primary intent rather than of a particular or secondary one, and doubts as to the quantum of the estate should be resolved in favor of the former.

The word "die without issue" standing alone are referable to the demise of the testator.

Argued April 26, 1927. Appeal No. 104, April T., 1927, by Potter Title & Trust Company from decree of O. C. Allegheny County, December T., 1925, No. 436, in the case of Estate of Charles J. Little, deceased. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for the termination of a trust. Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

The facts are stated in the opinion of the Superior Court.

The court ordered the trust terminated. Potter Title & Trust Company, Trustee, appealed.

*Errors assigned,* among others, was the order of the court.

*H. R. Phillips,* for appellant, cited: Dillin v. Wright, 73 Pa., 177; Hinkle's Appeal, 116 Pa., 490;

Henninger v. Henninger, 202 Pa., 207; Trout v. Rom-
inger, 198 Pa., 91; McCullough's Estate, 272 Pa., 509;
Blair et al. v. Oliver, 267 Pa., 436.

*Samuel M. Kier,* for appellee, cited: Patterson v.
Reed, 260 Pa., 319; Seewald's Estate, 281 Pa., 483;
Drace et al. v. Klinedinst App., 275 Pa., 266; Pattin
v. Scott, 270 Pa., 49; Fidelity Trust Company v.
Bobloski, 228 Pa., 52.

OPINION BY HENDERSON, J., July 8, 1927:

By the third paragraph of his will, the testator de-
vised as follows: "That two-story brick dwelling
known as fifteen forty-eight (1548) Webster Avenue
to go to my wife's niece, Mary Jane Moyes, her or
her heirs." By the fourth paragraph of the will, he
devised the two-story brick dwelling known as fifteen
forty-six Webster Avenue and a two-story brick dwell-
ing known as No. 4 Vine Street to his wife's niece,
Elizabeth Little Moyes. The fifth paragraph of the
will is in the following language: "Should Mary Jane
Moyes die without issue, the property left to her is to
go to her sister, Elizabeth Little Moyes, but if Mary
Jane Moyes should live to be old without issue, she
could dispose of the property for her maintenance in
her old age." That the third paragraph vested a fee
in the devisee is clear. It is equally clear that the
words "die without issue" standing alone are refer-
able to the demise of the testator: Seewald's Estate,
281 Pa. 483. It is to be observed too that Mary Jane
was invested with power to dispose of the property
for her maintenance in her old age without devise or
bequest over. That the primary and controlling in-
tent of the testator was to create a fee in favor of
Mary Jane is reasonably clear. She was the first
object of his bounty and stood equally near to him
with Elizabeth. Perhaps with some misapprehension

of the law, he added the clause relating to the sale of the property, but this should be considered as a secondary intent. We are not required to hold that by the words in question the testator intended to give a smaller estate than that arising from the meaning of the words of the gift standing alone. They may have been intended to subject the estate given to restraint, but this would not be effective to deprive it of the attributes given by law. The language authorizing the devisee to sell the property for her maintenance in her old age is advice or suggestion rather than a legal restriction on the power of disposal.

If the language of the will be not clear, its construction should be in favor of the first rather than the second taker; of a general or primary intent rather than of a particular or secondary one, and doubts as to the quantum of the estate should be resolved in her favor: Jackson's Estate, 179 Pa. 77; Fidelity Trust Co. v. Bobloski, 228 Pa. 52. Whether the devise is clear or doubtful therefore the order of the Orphans' Court rests on a proper construction of it. It is therefore affirmed at the cost of the appellant.