## Shaffer v. Hummel.

John B. McGurl, for plaintiff; G. E. Gangloff, for defendant.

HOUCK, J., July 29, 1930.—This is a case stated in assumpsit. The agreed facts are, briefly, as follows: Charlotte Powers, a widow, of the City of Pottsville, Schuylkill County, died testate on December 1, 1927, survived by one child, Katharine P. Shaffer, plaintiff herein, whose husband, Frank A. Shaffer, is still living. Testatrix left sufficient personal property to pay all the claims against her estate, as well as the bequests provided in her will, all of which bequests have been paid in full. She also died seized in fee of certain real estate in the City of Pottsville. In her will the testatrix bequeathed $1000 each to two sisters-in-law, $1000 to Thomas A. Flanagan and $5000 to her granddaughter, Elinor Shaffer, the principal to be paid her upon her twenty-fifth birthday and the interest on the principal to be paid her in the meantime. Then follows the residuary clause in this language: "As to all the rest, residue and remainder of my estate, real, personal and mixed, of whatever kind and wheresoever situate at the time of my decease, I do hereby give, devise and bequeath to my daughter, Katharine Shaffer, of Millville, N. J., as follows: One-half to be paid outright and the interest on the other half at my demise, and the other one-half to be paid to her if she should become a widow." Then follows the appointment of Katharine Shaffer as executrix of the will. On March 21, 1930, plaintiff, who is the devisee mentioned in the residuary clause and who is also the sole heir of testatrix under the intestate laws, agreed in writing to sell and convey the real estate in the City of Pottsville, of which testatrix died seized, to defendant for $16,000, of which amount $500 was paid upon execution of the agreement. A proper deed was tendered and payment of the balance demanded, which was refused on the ground that plaintiff could not convey a good title. On these facts, the parties submit, for the determination of the court, the question whether under the will of Charlotte Powers, or under the intestate laws, or under the will and the intestate laws, plaintiff acquired the fee simple title to all of the real estate or has the power and authority to convey all of the real estate in fee simple to a purchaser thereof. If the court be of the opinion that plaintiff can convey the whole of the real estate in fee simple, judgment is to be entered for plaintiff in the sum of $15,500, otherwise judgment is to be entered for defendant.

The real estate in question is included in the residuary clause of the will. There is no doubt that plaintiff owns a one-half interest in fee, and we are concerned only with the other one-half interest. As to this, plaintiff contends: (1) That the dominant purpose of the testatrix was to grant a fee, and the subsequent language indicates merely a subordinate intent to strip the fee of its inherent quality of present enjoyment by postponing delivery of possession; (2) that the condition "if she should become a widow" means if plaintiff should become a widow in the lifetime of testatrix; (3) that plaintiff received an absolute estate in this one-half with the possession of the principal postponed until she becomes a widow, which possession would be in her estate if she predeceased her husband; and (4) that under the construction most adverse to plaintiff, she has an estate for life, either her own life or her husband's, with remainder to her in fee, under the will, if she survive her husband, or to her in fee, under the intestate laws, if he survive her. Defendant contends that plaintiff does not have a fee simple title either under the will or the intestate laws; that the will, in effect, creates a trust estate in favor of plaintiff for one-half interest in the realty; and that to convey good title a trustee must be raised and proceedings had under the Revised Price Act of 1917.

It is quite clear, under section nine of the Act of April 8, 1833, P. L. 249, reënacted by section twelve of the Act of June 7, 1917, P. L. 403, 407, that the first portion of the residuary clause is ample to vest a fee in all of the real estate in plaintiff. This construction must prevail, unless the will itself indicates, by words of limitation or otherwise, an intention to devise a less estate. In other words, the controlling factor is the intent of the testatrix, and this must be ascertained from the entire will. Where words, sufficient to vest a fee, are used in a devise, and those which follow apparently indicate a contrary intention, the court must, after considering the whole will, decide as to the primary or general intent of the testator. If it be to give an absolute estate, then subsequent words expressing a secondary and particular intent cannot restrict the gift or strip the fee of its ordinary attributes, but if the devise expresses an unequivocal intent to give less than a fee, and that what otherwise must be construed as a fee was intended only as a less estate, it must be held accordingly: Pattin v. Scott, 270 Pa. 49, 51; Reiff v. Pepo, 290 Pa. 508, 512. Consequently, the first problem is to ascertain the dominant intent of the testatrix. If possible, this must be ascertained from the will itself; but if the meaning is obscure or ambiguous, then resort may be had to certain well-established rules of construction to aid in discovering the intent.

It cannot be doubted from a reading of the will in question that the principal object of testatrix's bounty was her daughter, and not only did she give her the bulk of her estate, but she also expressed her complete confidence in her daughter by appointing her executrix of the will. She made specific provision for her granddaughter, who apparently is her only other direct descendant. No devise over is attempted or even intimated in the residuary clause. While this fact is not controlling (Shaner v. Wilson, 207 Pa. 550), it is certainly a strong indication that the testatrix intended that the gift to her daughter was to be absolute and that she herself so considered it: Pattin v. Scott, supra; Reilly v. Kerestes, 70 Pa. Superior Ct. 71. All of these considerations show unmistakably that the dominant intent of the testatrix was to give her daughter the entire residue of the estate. If this intent is to be effectuated, the will must be construed as giving the plaintiff the residuary estate absolutely. This construction should prevail unless the will expresses an unequivocal intent to give less than a fee.

In our opinion, it cannot be found from the will itself that the devise expresses an unequivocal intent to give less than a fee. In effect, the testatrix says, I give, devise and bequeath all the rest, residue and remainder of my estate to my daughter, as follows: One-half to be paid outright, and the other one-half to be paid to her if she should become a widow. What follows the absolute gift is merely descriptive of the manner of its enjoyment (Silknitter's Appeal, 45 Pa. 365), and is not a limitation or restriction on the original gift. All that the testatrix attempted to do was to postpone the time when her daughter should come into full possession of all of the property. Her reason for postponing possession is not disclosed by the will, but it may very well be that the testatrix desired to exclude her son-in-law from any interest in one-half of her residuary estate. If this was her motive, she was simply attempting, after an absolute gift, to control the manner of its descent. Whatever her motive was, her intention was to give her daughter her residuary estate absolutely and in fee, and to postpone possession of one-half of the estate. In other words, she devised a fee and by the subsequent words attempted to strip it of one or more of its inherent attributes. This, the law says, she cannot do. She cannot strip the fee of the attribute of

immediate possession nor can she limit the manner in which it will descend: Smith *v.* Bloomington Coal Co., 282 Pa. 248; Robinson's Estate, 282 Pa. 531; Cross *v.* Miller, 290 Pa. 213; Chestnut et al. *v.* Chestnut et al., 300 Pa. 146. While precedents are of little value in the construction of wills (Reiff *v.* Pepo, *supra,* at page 516), it may be noted that the devise in Reilly *v.* Kerestes, *supra,* is very similar to the devise in the present case. In the Reilly case, there was an absolute gift of a house and lot to a son, followed by the provision: "the house and lot he will get whenever he gets married." There was no limitation over and the son died unmarried. It was held that the son's devisee took an estate in fee simple, the language being construed as showing merely an intention temporarily to postpone the enjoyment of the estate devised. That identical intention may be gathered from the will we are now considering. This being the case, a construction of the entire will, without resort to any of the established rules of construction, shows that plaintiff took a fee simple estate in the entire residue of testatrix's property, including the entire interest in the real estate here in question.

Our inquiry might well end at that point, but certain contentions should be noticed before drawing final conclusions. The contention of defendant that the testatrix intended to create a trust in favor of her daughter pending her widowhood, finds no support in the language of the will, nor does it solve the difficulty, because the ultimate disposition of the residuary estate would be undetermined in case plaintiff should die before her husband. To argue that this will creates a trust estate is to concede, we think, that the terms of the will are obscure and ambiguous, and, once it is determined that the will is ambiguous, then the rules of interpretation, to aid in ascertaining the testatrix's intention, must be invoked. These rules, which favor the first taker rather than the second, an absolute or vested estate rather than a defeasible or contingent one, and a general or primary intent rather than a particular or secondary one (Jackson's Appeal, 179 Pa. 77; Smith's Petition, 291 Pa. 129; Little's Estate, 91 Pa. Superior Ct. 245), all favor plaintiff and would compel the conclusion that she took a fee simple estate. Not only do these presumptions favor plaintiff, but the presumption against intestacy also supports her claim. If plaintiff does not take a fee simple estate and dies before her husband, then the testatrix died intestate as to one-half of her residuary estate. Such a construction should not be adopted if it can be avoided by a reasonable interpretation of the will: Redding *v.* Rice, 171 Pa. 301; Keene's Estate, 221 Pa. 201; Kenworthy's Estate, 269 Pa. 315; Biles et al. *v.* Biles, 281 Pa. 565. By a reasonable interpretation of the will in question, giving plaintiff an absolute estate, intestacy is avoided in any contingency.

Plaintiff's second contention that the words "if she should become a widow" mean during the lifetime of the testatrix, cannot be supported because the terms of the will itself forbid that construction. The testatrix provides that interest on the one-half of the residuary estate here in dispute shall be paid to plaintiff from the death of testatrix and that the principal should be paid to her if she becomes a widow. The provision for payment of interest at the death of testatrix shows that testatrix had in contemplation that her daughter would not then be a widow. Consequently, "if she becomes a widow" must mean if she becomes a widow after testatrix's death. Under such circumstances, the ordinary rule of construction (Seeley et al. *v.* Munger et ux., 297 Pa. 283) must yield to the plain terms of the will: Wettengel's Estate, 278 Pa. 571; Smith's Petition, *supra.*

Even if the conclusion that plaintiff takes a fee simple estate under the will is erroneous, nevertheless it seems clear to us that plaintiff can convey a

title in fee simple by virtue of the will and the intestate laws under any contingency which might possibly arise. If plaintiff's husband died before her, plaintiff unquestionably gets the entire residuary estate under the will. The only other possible contingency is that plaintiff will die before her husband. If that happens, under the construction of the will most adverse to plaintiff, plaintiff has a life estate in this one-half interest and testatrix died intestate as to the remainder. Defendant concedes that, under these conditions, the remainder would pass to plaintiff as sole heir of testatrix and that it would pass as of the date of testatrix's will. This concession is entirely correct: Buzby's Appeal, 61 Pa. 111; Bell's Estate, 147 Pa. 389; Moore v. Deyo, 212 Pa. 102; Kidd's Estate, 293 Pa. 56. The rule is the same, as the cases indicate, even if the life tenant is one of the class, or the only one, who will take the remainder. Such remainder vests at the time of testatrix's death unless the will affords clear and unequivocal evidence to the contrary. Of course, in the present will, there is no evidence whatever to the contrary. While there is some confusion in the cases as to whether a remainder, under the circumstances here presented, is vested or contingent, it seems to be settled now that the remainder is vested: Bache's Estate, 246 Pa. 276; Tatham's Estate, 250 Pa. 269. This seems to be the better reasoning because, if the intestacy relates back to the date of testatrix's death, the remainder must vest at that time. In other words, it is a vested remainder subject to be divested in case plaintiff survives her husband: Wettengel's Estate, *supra*. As already indicated, if she survives her husband she takes a fee simple under the will. If she dies before him, she has a life estate, under the will, with remainder in fee, under the intestate laws, which remainder vested at the testatrix's death. Consequently, under any contingency which might possibly arise and under any possible construction of the will, plaintiff has a fee simple title to the entire real estate in question and is able to make a good and sufficient conveyance. Under this view of the case, there is no question of contingent remainder or executory devise involved.

In the deed tendered, plaintiff, as an individual and not in her capacity as executrix, and her husband join as grantors. The deed in this form is proper unless the will works a conversion. In that event, plaintiff would be compelled to convey as executrix by authorization of the orphans' court. Conversion will be worked under the following circumstances only: (1) By a positive direction to sell; (2) by an absolute necessity to sell in order to execute the will; or (3) by such a blending of realty and personalty as to show clearly that testatrix intended to create a fund out of both real and personal estate and to bequeath that fund as money: Chamberlain's Estate, 257 Pa. 113; Schoen's Estate, 274 Pa. 28; Chestnut et al. v. Chestnut et al., *supra*. None of these elements are present in this will. There is no direction to sell, no necessity to sell and no such blending of realty and personalty as to show the intention to create a fund to be bequeathed as money. The words "to be paid" of themselves do not necessarily work a conversion: Loew's Estate, 291 Pa. 22.

From the foregoing, it follows that our answer to the questions submitted for our determination by the case stated is that, under the will of the testatrix, plaintiff acquired the fee simple title to all of the real estate which she agreed to convey to defendant and that she has the power and authority to convey all of said real estate in fee simple to him.

And now, July 29, 1930, judgment is directed to be entered for plaintiff and against defendant in the sum of $15,500, defendant to pay the costs.

From M. M. Burke, Shenandoah, Pa.